Porter agt. Williams and Clark.

## SUPREME COURT.

### PORTER agt. WILLIAMS AND CLARK.

Where proceedings supplementary to execution are instituted under the Code, the order for the debtor's examination under the 292d section gives the judgment creditor the same lien upon the debtor's equitable assets which he acquired under the former practice by the commencement of a suit by creditor's bill. And the orders authorized by the 297th and 298th sections, themselves, and without an assignment by the debtor. divest his title in the personal property and vest it in the receiver.

W., on the 5th of January, assigned to C. all his property for the benefit of creditors, with power to sell *either for cash or credit*. This assignment is void (2 *Comst.* 365). On the 28th of March an order was made in proceedings supplementary to execution against W. and on the 4th of April, P. was appointed a receiver of W.'s property. On the 30th of March, W. executed a further instrument to C. declaring that it was intended that C. should sell for *cash* only.

*Held*, that P., the plaintiff had acquired a lien on the 28th of March, which rendered ineffectual the instrument of the 30th of March, even if otherwise of any effect.

*Held*, also that W. could not at any time after the execution of the assignment to C. revoke the authority therein contained to sell upon credit, and that the instrument subsequently executed was of no avail to render the assignment valid.

*Demurrer.* The action was brought by the plaintiff, as receiver to set aside an assignment executed by the defendant Williams to the defendant Clark. The assignment was made on the 5th of January 1850. It embraces all the property and effects of the assignor, except such articles as are by law exempt from levy and sale. It is made for the benefit of creditors, giving preferences. The assignee is authorized, by the terms of the assignment, to " sell and dispose of the property assigned, either at public or private sale, to such person or persons, at such price or prices, and on such terms and conditions, *and either for cash or credit*, as in his judgment may appear best, and most for the interest of the parties concerned; and to convert the same into money, and to collect the debts, &c." On the 27th of February 1850, the Dutchess County Iron Company recovered a judgment against Williams, for $508·32, upon a debt contracted before the

assignment.  Upon which judgment an execution was issued on the 28th of February, to the sheriff of the proper county, and returned unsatisfied.  On the 28th of March 1850, an order was made by one of the justices of the Supreme Court, pursuant to the provisions of the Code relating to proceedings supplementary to execution, requiring the judgment debtor to appear and answer before a referee, appointed for that purpose, on the 30th of the same month.  On the 4th of April following, the same judge made an order appointing the plaintiff a receiver of the property of the judgment debtor, and also, by order, forbade a transfer or other disposition of the property of the judgment debtor, not exempt from execution, or any interference therewith.  On the 30th of March 1850, Williams executed and delivered to Clark an instrument, whereby, after reciting that doubts had arisen whether by the assignment of the 5th of January, the assignee had the power to sell the property assigned *on credit*, and that it was intended to have it sold *for cash* only, the assignee was authorized and directed to sell the property for cash only.  No assignment was ever executed by the judgment debtor to the receiver.  It is admitted that immediately upon the execution of the assignment the assignee took possession of the assigned property; that he had in fact sold only for cash, and that he had applied a part of the moneys received by him as assignee to the payment of the preferred debts.  On the 11th of April 1850, another execution was issued upon the judgment to the sheriff of Columbia, and Samuel Bryan, who owed the judgment debtor $191·50, at the time of the assignment, paid the debt to the sheriff to apply upon the execution.  The assignee claims that he is entitled to receive this debt under the assignment.  The clause was heard upon the pleadings.  Some of the facts above stated do not appear in the pleading, but were admitted by counsel upon the argument.

      E. P. COWLES, *for Plaintiff.*
      M. PECHTEL, *for Defendants.*

HARRIS, Justice.—A preliminary objection has been made to the right of the plaintiff to maintain this action.  It is insisted

Porter agt. Williams and Clark.

that, even though the assignment from Williams to Clark should be declared void, the plaintiff has acquired no right to the property, because no assignment has been made to him by the judgment debtor. But I do not understand that an assignment to the receiver is necessary to pass the title of the judgment debtor. Under the former practice the filing of a creditor's bill, and the service of process, created a lien upon. equitable assets, but not upon property liable to execution. The commencement of a suit to reach equitable assets had the same effect in creating a lien, as a levy upon personal property by virtue of an execution. Notwithstanding such bill, another creditor might issue execution, and take the property of the debtor subject to levy. This might be done until an order had been made for the appointment of a receiver. From that time, the property was deemed to be in the custody of the court, and could not be taken in execution. When under such an order a receiver had been appointed, and had perfected his appointment, by giving the requisite security, he became, by virtue of his office, legally entitled to the possession of the debtors property. It is true, that it was usual to require the judgment debtor to execute an assignment, but it was never held that such an assignment was necessary to divest his title. It never was supposed that, because the judgment debtor had absconded, or was otherwise beyond the reach of process, so that an assignment could not be enforced, the creditor was without remedy. On the contrary, the receiver acquired his right to take the property from the order for his appointment, and not from the assignment (2 *Barb. Ch. Pr.* 168-9). An order for the appointment of a receiver is an equitable sequestration (Albany City Bank vs. Schermerhorn, 9 *Paige*, 377). Neither the order for his appointment, nor even an assignment to the receiver pursuant to such order, would divest the debtor's title to his real estate (Chautauque County Bank vs. White, 6 *Barb.* 589). The receiver became entitled to the rents and income, but the title could only be divested by sale upon execution.

The Code is silent as to the time when the judgment creditor shall be deemed to have acquired a lien upon his debtors equitable

effects; but I think the order for his examination, made under the 292d section, should be construed to give the creditor the same lien which he acquired under the former practice, by the commencement of a suit by creditor's bill. So, too, the order that the debtor's property should be applied towards the satisfaction of the creditor's judgment, made pursuant to the 297th section, and the order appointing a receiver pursuant to the 298th section, have the effect of themselves, and without an assignment by the debtor, to divest his title, and to vest it in the receiver. The order under the 297th section places the property under the control of the court, and the order under the next section creates an officer to take charge of it (see *Monell's Pr.* 364). If this be so, it follows that the attempt by the judgment debtor to give validity to the assignment of the 5th of January by the instrument executed on the 30th of March, was ineffectual, as the debtor could do nothing to divest the lien which his creditor had acquired by obtaining an order for his examination on the 28th of March.

But as there is another suit pending between the same parties, which differs from this only in the fact that the order for the examination of the debtor was made after the 30th of March, it may be well to consider here the effect of the instrument executed on that day, upon such a case. This question is only important upon the supposition that the assignment of the 5th of January contains provisions that would render it void as against creditors. Assuming that this is so, is there any thing in the instrument of the 30th of March which can give validity to that assignment? I think not. Had the assignment reserved to the judgment debtor a specific·benefit, as the payment of a sum of money out of the proceeds of the assigned estate, I will not say that a release of such benefit, before proceedings should be instituted to avoid the assignment, might save it from being declared void. But even in such a case, the question would not be free from difficulty. Here the assignment prescribes certain terms and conditions by which the assignee is to be governed in the execution of his trust. Among these is one which, it is alleged, renders the assignment

void as against creditors. The validity of the assignment, as against assignor, can not be questioned. Finding the assignment is likely to be questioned, the assignor subsequently executes another instrument by which he assumes to vary the terms of the assignment. Had he the power to do so? Could he revoke the authority to sell on credit, any more than he could the authority to sell at all? I think not. He had divested himself of all power to control the disposition of the property assigned when he executed and delivered the assignment. Whether that assignment is valid or not, as against creditors, must depend upon its own provisions, and not upon any thing done subsequently by the assignor, or even by the assignee.

The remaining question in the case has been judicially determined against the defendants in Griffin vs. Barney (2 *Comst.* 365). In that case, an insolvent debtor had conveyed all his property to trustees for the benefit of certain creditors. The trustees were authorized to sell the property assigned " at public or private sale, for cash *or upon credit*," &c. This was held to be an unanswerable objection to the assignment. A trustee has no right to sell property assigned to him for the benefit of creditors *upon credit*, and if the debtor undertakes to confer upon him this power, the conveyance is void. The debtor may give a preference among his creditors, but he can only do it by an *unconditional* devotion of his property to the immediate payment of his debts. If the assignment contain any other terms or conditions, or if it confers any other power or authority upon the trustee, it is void.

The plaintiff is therefore entitled to a judgment declaring the assignment void as against him, with directions for taking an account substantially the same as in Wakeman vs. Grover (4 *Paige*, 43). The judgment may also provide for the payment of the plaintiff's costs out of the funds in the hands of the assignee.