J. R. Swan, J.
1. The original proceeding was under sec. 464 etc., of the code, “in aid of execution.” The object of the Union Bank of Rochester was to obtain payment of its judgment against, the Sandusky, Mansfield and Newark Railroad Company,'by subjecting thereto a debt which the Union Bank of Sandusky owed to-the railroad company.
We entertain no doubt but that if the Union Bank of Sandusky 259] had been duly served with an order, all *the incidents of Us pendens must necessarily be enforced against it from the time of such service, and the bank would have been amenable to the plaintiff in the execution for any-indebtedness it may have been under to the defendant in the execution. Any other construction of the code would make the service of the order a mere invitation to place the fund beyond the reach of the creditor, and render the proceeding, in practice, altogether nugatory. Porter v. Williams et al., 5 How. Pr. 441; 2 Whitt. Pr. 142 (2 ed.). Section 468 of the code-gives the judge power to “ forbid a transfer or other disposition of the property of the judgment debtor not exempt by law, and any interference therewith.” This provision was proper, because applicable to some cases in which the rules of Us pendens would not protect the rights of the judgment creditor. It does not therefore indicate that the rules of Us pendens are inapplicable to a judge’s order,, under section 464 of the code, after service of the order.
2. But did the notice issued against and served on “F. T. Barney,, the president, and G-. M. Weston, the cashier of the Union Bank of Sandusky,” requiring those two officers to testify as to the indebtedness of the bank to the Sandusky and Mansfield Railroad Company, make the bank a party to the proceedings of the Union Bank of Rochester ? If a copy of the journal-entry of the *260, 261 had been recited in the notice, or if the notice had shown that the Union Bank of Rochester was proceeding to subject the indebtedness named to the payment of a judgment against the railroad company, the notice might have been sufficient. But the notice indicates simply that Barney and Weston were required as witnesses touching the indebtedness of the bank to the railroad company. The Bank .of Rochester is not alluded to. At whose instance, or for what purpose, or in what action or proceeding *the testi- [260 mony was required, is wholly omitted from the notice. The Bank of Sandusky is nowhere named, except in the description of the offices held by Barney and Weston. It does not indicate that it was an order, or based upon any order, in aid of execution. If there had been pending before the probate judge the settlement of the estate of a stockholder of the bank, in which was drawn in question a deposit made by him to the credit of the railroad company, this notice would have heen quite as proper, as in the present caso. We are of the opinion that the Sandusky bank,' as a corporation, was not made a party to these proceedings by the issuing of this notice against Barney and Weston, or by its service on them. Instead of this notice, the probate judge should have issued to the sheriff a copy of his journal entry, and had the same served. Code, sec. 474.
3. After the money had been paid over by the Union Bank of Sandusky to the railroad company, and after the testimony had been taken, and upon the final hearing before the probate judge, it appears by the record that the Union Bank of Sandusky appeared by its attorney to contest the final order. This appearance is claimed as a waiver of service of the order. If it be so, it can not by relation be treated as service of the order before the money was paid over to the railroad company; so that it works no benefit in that respect to the Union Bank of Rochester.
4. The probate judge ordered the Union Bank of Sandusky to pay a certain amount to the Rochester bank. This order brings before us the construction of sections 467, 468, and 473 of the code. These sections are as follows:
“ Sec. 467. The judge may order any property of the judgment debtor not exempt by law, in the hands either of himself or any other person or corporation, or due to the ^judgment debtor, [261 to be applied toward the satisfaction of the judgment; but the earnings of the debtor for his personal services, at any time within three months next preceding the order, can not be so applied, when *262 it is made to appear by the debtor’s affidavit, or otherwise, that such earnings are necessary for the use of a family supported wholly or partly bjr his labor.
“ Sec. 468. The judge may also, by order, appoint the sheriff of the proper county, or other suitable person, a receiver of the property of the judgment debtor, in the same manner, and with the like authority, as if the appointment was made by the court. The judge may also, by order, forbid a transfer or other disposition of the property of the judgment debtor, not exempt by law, and any interference therewith.”
“ Seo. 473. If any person, party, or witness, disobey an order of the judge or referee, duly served, such person, party, or witness, may be punished by the judge as for a contempt.”
If section 467 authorizes the judge to order payment of a debt or the delivery of property, then section 473 authorizes him to enforce such order by imprisonment. Such summary mode of enforcing the payment of a debt by imprisonment would probably be a violation of the constitution. Art. 1, sec. 15. Such, however, is not the proper construction of section 467. There is a manifest difference between an order to pay a debt and an order settling the right of the judgment creditor to the application of the proceeds of a debt. The latter is all that was intended by section- 467 of the code. It authorizes ithe judge to order that either property or a debt due the judgment debtor, be applied to the satisfaction of the judgment; thus fixing the right of the judgment debtor, so that when possession of the property is obtained, or the debt collected, by the 262] * sheriff or receiver, under section 468, the proceeds may be duly applied to the discharge, of the judgment.
It is unnecessary for us to determine whether the order under section 467, such as we hold to be proper, could be enforced by imprisonment; perhaps it could be; and conceding that it could be, it is quite clear to us that the section does not authorize a peremptory order to pay a debt.
If, however, a peremptory order to pay a debt is made, it must be construed as a mere order for the application of the debt, when collected, to the discharge of the judgment; and its payment could not’be enforced by imprisonment.
The counsel on both sides have consumed much ink and paper in endeavoring to show the corrupt practices and dishonest motives of their adversaries’ clients. We could not avoid reading all this. *263 'Conceding, as a matter of courtesy, the force and truth of all that is said on both sides, we have been unable to perceive its application, to the construction of the code.

Judgment of the court of common pleas affirmed

Bartley, C. J., and Brinkerhoee, Bowen, and Soott, JJ., concurred.