Bronson, J.
 

 This was an assignment by an insolvent debtor, of all his property, in trust to pay certain specified creditors, and
 
 *371
 
 then, without making any provision for other creditors, in trust to reconvey the residue of the property to the debtor. We need go no further to see that this was a fraud upon the plaintiff, and the other creditors who were not provided for by the deed. The property was placed beyond the reach of their judgments and executions, in the hands of men who were not accountable
 
 to
 
 them, and upon a trust which was in part for the benefit of the debtor. The courts have very reluctantly upheld general assignments by an insolvent debtor, which give a preference among creditors
 
 (Boardman
 
 v.
 
 Halliday,
 
 10
 
 Paige,
 
 229, 230,) and .they can only be supported when they "make a full and unconditional surrender of the property to the payment of debts. The debtor can neither make terms nor reserve any thing to himself, until after all the creditors have been satisfied. This question was considered upon authority in
 
 Goodrich
 
 v.
 
 Downs,
 
 (6
 
 Hill,
 
 238,) and we think the case was properly decided.
 

 The deed was void upon its face; and it cannot be made good by showing that there will be no surplus for the debtor after paying the preferred creditors. The parties contemplated a surplus, and provided for it; and they are not now at liberty ^ to say that this was a mere form which meant nothing. And although it should ultimately turn out that there is no surplus, still the illegal purpose which destroys the deed is plainly written on the face of the instrument, and there is no way of getting rid of it. The cases already cited of
 
 Goodrich
 
 v.
 
 Downs
 
 and
 
 Boardman v. Halliday
 
 are in point upon this question.
 

 It iá also an unanswerable objection to the deed, that the assignees are authorized to sell the. property on credit. An insolvent debtor cannot, under color of providing for creditors, place his property beyond their reach, in the hands of trustees of his own selection, and take away the right of the creditors to have the property converted into money for their benefit without delay. They have the right to determine for themselves whether the property shall be sold on credit; and a conveyance which takes away that right and places, it. in the hands of the debtor, or in trustees of his own selection, comes within the very words of the statute; it is a conveyance to hinder and delay
 
 *372
 
 creditors and cannot stand. This question was considered by the -chancellor: in
 
 Meacham
 
 v.
 
 Sternes,
 
 (9
 
 Paige,
 
 405, 6,) and his views fully, accord with my own.
 

 There is a third objection to the deed. The property is not only charged with the payment of “ all. costs, charges, disbursements and expenses ” in executing the trust, but the trustees are also to have- “ a commission of six per cent, on the gross amount of the moneys received, and. paid by them.” If the debtor can provide for any thing more, than the necessary expenses of executing, the trust, I think he cannot go beyond the commissions allowed by law to executors, administrators and guardians for similar services, (see
 
 Meacham
 
 v.
 
 Sternes,
 
 9
 
 Paige,
 
 398,) which, considering the magnitude of the estate, is much less than the trustees- are to receive. (2
 
 R. S.
 
 93, § 58; p. 153, § 22.) It may be very true, as the answer-alleges, that the commissions allowed by the deed are “no more than a just, fair and proper compensation ” to three men “ all actively engaged in professional pursuits.” But unless something was to be done besides winding up the estate, without delay, for the benefit of creditors, it was not necessary to have three trustees; and a competent agent might have been found who would not have required a very large commission on account of the value of his time for professional pursuits. If an insolvent, debtor should, be allowed to give a large reward to the friends whom he selects and puts in the place of the process and officers of justice, it would not only divert a portion of the property from those who ought to have it, but it might induce the assignees to consult the interest of the debtor at the expense of the creditors.
 

 This objection, standing alone, may not go beyond the excess of commissions. But we think the deed- wholly void on the other grounds which have been mentioned.
 

 Decree affirmed.