GEORGE H. KELLER et al., Respondents, *v.* DE WITT C. PAINE, Appellant.

The liability of personal property situated in this state, but belonging to a non-resident, to be attached and sold under legal process is to be determined by the law of the state, not that of the jurisdiction where the owner lives.

The general rule that the voluntary transfer of personal property wheresoever situated is to be governed by the law of the owner's domicil, always yields where the law and policy of the state where the property is actually located have provided a different rule of transfer from that of the state where the owner lives.

One F., a resident of Pennsylvania, on March 24, 1881, executed to plaintiffs, in that state, an instrument, in form an absolute bill of sale, but in fact given as a chattel mortgage on a canal boat owned by him, then

lying in the Erie canal in the town of G. F. in this state. An agent of the mortgagee filed a copy of the mortgage on the next day in the town clerk's office of said town, and went on board the boat and assumed possession thereof. Defendant, however, had previously on the same day, as sheriff, levied upon the boat by virtue of an attachment against F., and subsequently sold it on execution. The mortgagee and attaching creditors were also residents of Pennsylvania. In an action for a conversion of the boat *held*, that both under the provisions of the Revised Statutes relating to chattel mortgages and the act in relation to liens on canal boats (§§ 1 and 2, Chap. 412, Laws of 1864), the instrument was void and plaintiffs were not entitled to recover.

*Keller* v. *Paine* (34 Hun, 167) reversed.

(Submitted April 27, 1887; decided October 4, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made October 7, 1884, which affirmed a judgment in favor of plaintiffs, entered upon the report of a referee. (Reported below, 34 Hun, 167.)

The nature of the action and the material facts are stated in the opinion.

*Thomas Richardson* for appellant. The instrument purporting to convey title from Fink to the plaintiffs was a chattel mortgage. (*Kilburn* v. *Low*, 25 Hun, 61 ; 12 N. Y. Week. Dig. 556 ; *Smith* v. *Beatie*, 31 N. Y. 542.) It was void by the laws of New York as against the plaintiffs in this attachment proceeding, by reason of its not having been filed in the town clerk's office, and no possession having been taken before the levy. (*Whiteman* v. *Connor*, 40 N. Y. Super. Ct. 339 ; *Hathaway* v. *Howell*, 54 N. Y. 97 ; Thomas on Mort. 505 ; Laws of 1833, chap. 279, § 1 ; *Clark* v. *Gilbert*, 14 N. Y. Week. Dig. 241 ; *Green* v. *Van Buskirk*, 7 Wall. 140, 151 ; *Guillander* v. *Howell*, 35 N. Y. 657 ; *Warner* v. *Jeffrey*, 96 id. 248.) If the instrument in question was a chattel mortgage, the plaintiffs basing their action uopn a claim of absolute ownership, cannot recover in this action. (*Hudson* v. *Swan*, 83 N. Y. 552.) If it was a bill of sale absolute, the parties being all domiciled

in Pennsylvania, and that being the place of contract, the law as to the validity of the contract will be governed by the law of that state. (*Clark* v. *Tucker*, 2 Sandf. 163; *Tyler* v. *Strang*, 21 Barb. 198; *Ockerman* v. *Cross*, 54 N. Y. 29; 40 Barb. 465; *Parsons* v. *Lyman*, 20 N. Y. 112; *Hoyt* v. *Thompson*, 5 id. 352; *Kelly* v. *Crapo*, 45 id. 86.) By the statute (13 Eliz. chap. 5), which is in force in Pennsylvania, to the effect that continuance in possession by the vendor or grantee is conclusive evidence of an intent to delay, hinder or defraud creditors, the bill of sale, whether absolute or chattel mortgage, was void as against the defendant herein under the attachment proceedings, as matter of law. ( 1 Smith's L. C. 72; *Clow* v. *Woods*, 5 S. & R. 275; *Babb* v. *Clauson*, 10 id. 419; *Streeper* v. *Eckhard*, 2 Whart. 30; *Steilwagon* v. *Jeffries*, 8 Wright, 407; *Brawn* v. *Keller*, 7 id. 104; *McKibben* v. *Martin*, 14 P. F. Smith, 359.)

*George W. Smith* for respondents.   A sale of a canal boat or other vessel lying in a distant port or state, gives the vendee title if he takes immediate steps and uses due diligence to obtain possession, and a creditor who seizes a vessel by an attachment issued after such a sale, and while the vendee is using reasonable diligence in taking possession, cannot divest the vendee's title. ( *Vining* v. *Gilbraith*, 39 Me. 496; *Joy* v. *Sears*, 9 Pick. 4; *Badlam* v. *Tucker*, 1 id. 389; *Gardner* v. *Howland*, 2 id. 601, 602; 2 Kent's Com. 699; *Gibson* v. *Stevens*, 8 How U. S. 384; *Stanton* v. *Small*, 3 Sand. S. C. R. 230; 23 Vann, 88; *Lampriere* v. *Pasley*, 2 T. R. 485; *Carter* v. *Willard*, 19 Pick. 1–9; *Clow* v. *Woods*, 5 S. & R. 275; *Atkinson* v. *Maling*, 2 T. R. 466; *Mead* v. *Smith*, 16 Conn. 346; *Carter* v. *Willard*, 19 Pick. 12; *Turner* v. *Cooledge*; 2 Met. 350; *Ingraham* v. *Wheeler*, 6 Conn. 277; *Russell* v. *O'Brien*, 127 Mass. 349.) Where the actual transmission of the subject of the sale by the seller is impossible, various substitutes, complying as far as possible with the requirements of the statute, are allowed. (Long on Sales, 162; Abbott on Ship. 13; *Pratt* v. *Parkman*, 24 Pick. 47

Story on Sales, § 311, etc.; 2 Kent's Com. 500; *Stanton* v. *Small*, 3 Sandf. 230; *Shindler* v. *Hereston*, 1 N. Y. 267; *Conard* v. *At. Ins. Co.*, 1 Pet. 445.) The doctrine asserted in behalf of the plaintiff's title is the doctrine of the common law, as modified by 13 of Elizabeth. It is recognized in the federal and the state courts, and the adjudicated cases in Pennsylvania establish nothing to the contrary. They also hold to the reasonable construction adopted in the cases before referred to. (*Clow* v. *Woods*, 5 S. & R. 275; *Cadbury* v. *Halen*, 5 Barr. 320; *Linton* v. *Butz*, 7 id. 89; *Haynes* v. *Hennsicker*, 2 Casey, 58; *Chase* v. *Ralston*, 6 id. 539; *Blair* v. *Rietz*, 3 P. F. Smith, 256; *Burford* v. *Schell*, 5 id. 393; *McKibben* v. *Wharton*, 14 id. 352, 358; *Hugus* v. *Robinson*, 12 Harris, 9; *Crawford* v. *Davis*, 99 Penn. St. 576–579; *Curtis* v. *D., L. & W. R. R. Co.*, 74 N. Y. 116; *Sherrill* v. *Hopkins*, 1 Cow. 103; *Dyke* v. *Erie. R. Co.*, 45 N. Y. 113.)

RAPALLO, J. This was an action for damages for the conversion of a canal boat. The defendant, as sheriff of Herkimer county, levied upon the boat as the property of George P. Fink, at Ilion, on the 25th of March, 1881, and afterwards sold the boat on execution, and this action was brought for such levy and sale. The defendant justified under an attachment issued against Fink as a non-resident debtor, at the suit of Kerr Bros. & Co., creditors residing in Pennsylvania, and under an execution issued in the same action. The regularity of the attachment and the proceedings thereunder as against Fink was admitted.

The plaintiffs claimed title to the boat by virtue of a written instrument, in form an absolute bill of sale, executed and delivered by Fink to the plaintiffs on the 24th of March, 1881, at Selins Grove in the state of Pennsylvania. The referee, before whom the trial was had, does not in terms pass upon the question whether this instrument operated as an absolute sale, or as a mortgage to secure the payment of certain sums in which Fink was indebted to the plaintiff; but the learned judge who delivered the opinion of the court at General Term,

after reviewing the findings and evidence, arrived at the conclusion that the transfer of the boat was taken by the plaintiffs merely as a security, and was in legal effect a mortgage. In this conclusion we concur.

Fink, the owner of the boat, the plaintiffs, and the attaching creditors, were all residents of Pennsylvania, and the indebtedness of Fink, both to the plaintiffs and to the attaching creditors, was incurred in that state. At the time of the delivery of the mortgage to the plaintiffs the boat was engaged in navigating the Erie canal and was at Ilion, Herkimer county, in this state, distant about two hundred and fifty miles from Selins Grove, Pennsylvania, where the mortgage was executed and delivered. The boat was then at Ilion in possession of Fink, through one Boyer, his driver, whom Fink had left in charge. On the 24th of March, 1881, the plaintiffs delivered the mortgage to one Spahr as their agent, with instructions to proceed at once to Ilion and take possession of the boat for them. He left by the earliest train and arrived at Ilion on the twenty-fifth of March at about half-past one o'clock P. M., but about an hour before his arrival there the defendant, as sheriff of Herkimer county, had levied upon the boat by virtue of the attachment before mentioned, against Fink. After this levy, and on the same day, Spahr filed a copy of the mortgage in the office of the town clerk of the town of German Flats, in which town Ilion is situated and the boat then was ice-bound. No other filing or recording of the instrument was shown. Spahr, after filing the copy, went on board of the boat and assumed possession and control thereof for the plaintiffs, subject to such constructive possession as the defendant had acquired by his said levy, and continued in such possession until the 9th of May, 1881, when the defendant sold the boat by virtue of proper proceedings in the attachment suit against Fink. This sale the referee finds to have been regular and valid in form in every respect, but not binding upon the plaintiffs for the reason, as he finds, that before such levy and sale the plaintiffs had become the owners by virtue of the before mentioned bill of sale.

The referee finds that the plaintiffs used all possible diligence to take possession of the boat after the execution of the bill of sale.

The referee directed judgment for the plaintiffs for the value of the boat, and the court at General Term affirmed the judgment, on the ground that the bill of sale, although it had been given merely as a security for debt and was to be treated as in legal effect a mortgage, was, according to the law of Pennsylvania, valid and effectual against creditors of the mortgagor, notwithstanding that possession had not been taken by the mortgagees before the levy, and the mortgage had not been filed as required by the statutes of this state, because the mortgagees had used due diligence to take possession and perfect their security.

The learned judge delivering the opinion expressly concedes that the judgment cannot be sustained except upon the theory that the bill of sale was a mortgage, and that under it the plaintiffs acquired a lien prior to the attachment. He then proceeds to state that the rights of the parties are not affected by the question whether the conveyance was a sale or a mortgage, because in Pennsylvania the presumption arising from the failure to immediately deliver, is the same under mortgages as under absolute sales, and he states that the case is greatly simplified by the mutual assumption of the parties that it is to be determined by the law of Pennsylvania, and he holds that it was competent for the parties to make that agreement.

The counsel for the appellant denies that there was any such assumption or concession. I have looked carefully through the papers, and have been unable to find on the record any such assumption or agreement as the learned judge seems to have supposed.

The case was submitted in this court on printed briefs, and it is stated in the appellant's brief that it was submitted in the same manner at the General Term. The case states that it was conceded on the trial that the statute (13 Eliz. C. 5) was in force in Pennsylvania, and that it was stipulated that upon the argument before the referee, and of any appeal, either

party might cite reported decisions of the Supreme Court of Pennsylvania as if they had been put in evidence, but there was no stipulation that the law of Pennsylvania should govern the case. In the points submitted to us, the question whether the instrument under which the plaintiff's claim was an absolute sale or a chattel mortgage is discussed, and the point is expressly made that if it was a chattel mortgage it was to be governed by the laws of New York, and it is stated in the appellant's brief that the same point was submitted to the General Term. I can find nothing in the case which precludes the appellant from taking the point on the present appeal.

According to the laws of New York, the bill of sale, regarding it as a chattel mortgage, was void as against the defendant, both under the provisions of the Revised Statutes relating to chattel mortgages and under the act relating to liens on canal boats. The act of 1864 (Laws of 1864, chap. 412 §§ 1, 2), requires that every person having a lien by chattel mortgage on any boat navigating the canals of this State shall file the same, or a copy thereof, in the office of the auditor of the canal department, and that every mortgage or conveyance intended to operate as a mortgage on any such canal boat, not accompanied by an immediate delivery and followed by an actual and continued change of possession, shall be absolutely void as against creditors of the mortgagor unless so filed. By this act the want of an immediate delivery and change of possession does not, as in the case of absolute sales, merely raise a presumption of fraud, which can, as held in Pennsylvania, be rebutted by proof of good faith and due diligence in taking possession, but it makes the alleged lien absolutely void. This positive enactment of our own legislature cannot be made subject to the law of the domicil of the mortgagor. The general rule that the voluntary transfer of personal property wheresoever situated, is to be governed by the law of the owner's domicil, always yields when the law and policy of the state where the property is actually located, have provided a different rule of transfer from that of the state where the owner lives. In *Warren* v. *Van Buskirk* (4 Abb. Ct. of App. Dec.

457), it was held that a transfer of personal property situate in Illinois, made in New York where the owner resided, was valid as against attaching creditors who were also residents of this state but who had attached the property in Illinois,. although the transfer was void according to the laws of Illinois. The judgment in that case was reversed by the Supreme Court of the United States, on the ground that the judicial proceedings under which the property had been attached and sold in Illinois were protected here by the provisions of the Constitution of the United States. (*Green* v. *Van Buskirk*, 3 Wall. 458; 5 id. 307; 7 id. 189.) In *Guillander* v. *Howell* (35 N. Y. 657) it was held that an assignment which was made in New York by a resident of this state, of personal property situate in New Jersey, which was valid under the laws of New York, but which was void under the laws of New Jersey, was ineffectual there as against a creditor of the assignee who had attached the property in New Jersey. In that case it appeared that the attaching creditor was a resident of New Jersey, and weight was given to that circumstance in the opinion, and it was supposed that the case of *Warren* v. *Van Buskirk*, which had been recently decided in this court, established that if the attaching creditors had been residents of New York, the transfer would have been valid as to them.

But the judgment of this court in *Warren* v. *Van Buskirk* had not, at that time, been reversed by the Supreme Court of the United States, and in the still later case of *Warner* v. *Jaffray* (96 N. Y. 248, 255) it was held that the residence of the attaching creditor was not material, and that where personal property situated in Pennsylvania and owned by a resident of New York was here transferred by an assignment valid in the State of New York, but invalid in Pennsylvania as against creditors, by reason of a failure to record it there as prescribed by a statute of Pennsylvania, it was void as against creditors who attached it in that state, notwithstanding that the attaching creditors were also residents of the state of New York. The doctrine was there reaffirmed that the liability of property to be attached and sold under legal process

issuing from the courts of the state in which the property is actually situated, must be determined by the law of that state rather than that of the jurisdiction where the owner lives. These cases are decisive of the present appeal. It should further be remarked that although the transferrer or mortgagor of the canal boat in question, as well as the attaching creditors, were residents of Pennsylvania, yet the defendant in this action was the sheriff of a county in this state, and he should be protected in levying upon and selling property which, according to the laws of this state, was subject to the process in his hands. No principle of comity requires that he should be made liable for an act which the laws of this state required him to perform. The circumstance that he held a bond of indemnity does not render wrongful an act which was in itself lawful. The defendant was under no obligation to inquire into the residence of the parties to the action in which the process was issued.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.