GILBERT T. DAVIS *et al.,* Appellant, *v.* GEORGE W. BRIGGS *et al.,* Respondent.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Supplementary proceedings. Agreement.*—An agreement, whereby a judgment debtor pays to a third party a sum of money in full of an existing indebtedness and for future board and care, is void as to creditors except as to the present debt, and the balance of the money paid under it is subject to an order in supplementary proceedings, and no action is necessary to determine the rights of the parties.

The county judge, in proceedings supplementary to execution, directed a third person to pay over certain money in his hand to a receiver appointed in said proceedings, and this order was reversed by the special term and from it plaintiffs appeal.

The judgment debtor, while insolvent, paid to said third person the sum of one thousand dollars, on an agreement by the latter to board him and wife for two years, and to cancel a claim for past board. It is a part of the money which was directed to be paid to the receiver.

*William E. Purdy,* for Amos S. Briggs.

*Henry. C. Griffin,* for appellants.

PRATT, J.—It is clear that the agreement between the defendant, and A. S. Briggs, except, so far as the same paid an existing debt, was void. There was no question of intent involved, and no dispute about the facts. There was more than sufficient money to pay the judgment in the hands of A. S. Briggs, belonging to the judgment debtor, and the order of the county judge was, therefore, right. Had A. S. Briggs made any claim to the money, other than under an agreement, void upon its face, a suit would have been necessary to determine the rights of the parties, but under the facts proved, it must be deemed that the judgment

debtor had so much money on deposit in the hands of A. S. Briggs subject to the claims of his creditors.

It is well settled that where an instrument is absolutely void as to creditors, it is no protection as against them in a proceeding to acquire a lien on the property conveyed. Keller *v.* Paine, 107 N. Y. 83; 11 N. Y. State Rep. 33; Chautauqua Bank *v.* Risley, 19 N. Y. 369.

By the same reasoning, if the agreement between the debtor and A. S. Briggs was void, and furnished no protection, then the money paid under it was subject to the order of the county judge in the supplementary proceedings.

That such an agreement is void, as against creditors, scarcely requires the mention of any authorities.

If these views are correct, they dispose of all questions in this proceeding.

Order reversed, but without costs.

All concur.