JOHN L. SUTHERLAND et al., as Executors, etc., Respondents, *v.* ALONZO BRADNER et al., Appellants.

A preferential assignment by an insolvent of all his estate, in trust, for the payment of only a part of his creditors, which provides that after paying the creditors named the remainder of the assigned estate shall be restored to the assignor, hinders and delays the unpreferred creditors, and is void as against them; and this, although no fraud was intended by the assignor and assignee.

An assignment, void on its face, cannot be reformed or validated by a supplementary assignment so as to cut off a lien of a judgment recovered after its execution and before its reformation or attempted correction.

Reported below, 39 Hun, 134.

(Argued October 15, 1889; decided October 22, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the January term, 1886, which affirmed a judgment in

favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

On the 4th day of June, 1884, Alonzo Bradner executed, acknowledged and delivered a preferential general assignment for the benefit of his creditors to Andrew J. Holden, as assignee, who, on the same day, executed and acknowledged an acceptance thereof and delivered the completed instrument to the clerk of the county of Livingston by whom it was duly recorded on that day. The assignor, by his assignment, preferred part of his creditors, dividing those preferred into four classes and directing the payment in full of each class in its order, but provided that in case the assigned estate should be insufficient to pay some one of the classes in full, then the creditors named in such class were to be paid *pro rata*. The assignor after making provision for the payment of the preferred creditors, provided: " Lastly, the said party of the second part shall return the surplus of said net proceeds and avails after the payment of the said debts, demands and liabilities as herein provided, if any there shall be, to the said party of the first part, his executors, administrators or assigns."

The plaintiffs were not preferred in the assignment, and when it was made an action was at issue and pending in the Supreme Court between them as plaintiffs and Alonzo Bradner and David D. McNair, as defendants, in which the plaintiffs recovered, June 16, 1884, a judgment, on contract, against Bradner and McNair for $17,698.87 damages and costs, a transcript of which was, on the next day, duly filed and the judgment duly docketed in the office of the clerk of the county of Livingston, in which county Bradner and McNair then resided. June 17, 1884, an execution was issued to the sheriff of the county of Livingston, who had not returned it at the time of the trial of this action, being unable to collect it or any part of it by reason of said assignment.

June 28, 1884, the assignor executed and acknowledged an instrument which is called a supplementary assignment, to his said assignee, referring to the original assignment and reciting and directing as follows : " Whereas, it was intended by the

party of the first part (the assignor) to provide for the payment of all of his creditors, out of the avails of the property, so transferred and conveyed, in whole or in part, as provided in said deed of assignment; and whereas, in copying the draft of said deed the party of the first part, by mistake and unintentionally, omitted to insert in the deed executed by him a clause authorizing the party of the second part (the assignee) therein to pay all creditors of the party of the first part, not specified in said deed as entitled to preference, out of any property or proceeds thereof remaining in his hands. Now, for the consideration mentioned in said deed, and fully to carry out the intention and purpose of the parties thereto, and to supply the omission, the party of the first part does hereby authorize and direct the said party of the second part, in case any property so conveyed and transferred to him, or the avails thereof, shall remain in his hands after paying and discharging the debts due to the creditors specifically named in said deed, and before any surplus shall be returned to the party of the first part, as in said deed of assignment provided, to pay all other debts of the party of the first part in full, if the said property or avails thereof be sufficient for that purpose, and if not, to pay the same *pro rata*, in proportion to the amounts of such debts."

June thirtieth this instrument was delivered to the assignee who on that day executed and acknowledged an acceptance thereof and delivered the completed instrument to the clerk of the county of Livingston, by whom it was duly recorded on that date. On the 14th day of July, 1884, this action was begun to have the assignment declared fraudulent and void as against the plaintiffs' judgment, which the plaintiffs asked to have declared a lien on the assignor's real estate,

*James Wood* and *J. A. Van Derlip* for appellants. The assignment is not fraudulent on its face and void if it appears from the instrument that the assignor devoted all his property to the payment of all his creditors, and did not create a trust for his own benefit. (*Beebee* v. *Bank,* 1 Johns. 551.) When

the terms and provisions of a written instrument are such as must necessarily operate fraudulently, the law will presume an intention to produce that result. Parties are deemed to intend the necessary consequences of their acts. (*Cunningham* v. *Freeborn*, 11 Wend. 241; *Seward* v. *Jackson*, 8 Cow. 406; *Jackson* v. *Peet*, 4 Wend. 300; *Grover* v. *Wakeman*, 11 id. 193.) If the provisions of the assignment, taken as a whole, can be construed or interpreted to mean that the debts, demands and liabilities, directed to be paid, include all the debts of the assignor, then the assignment is not fraudulent and void on its face. (*Doremus* v. *Lewis*, 8 Barb. 124.) The defendants were entitled to the evidence on the question of the reformation of the assignment, so as to conform it to the agreement as made between the parties to it at the time of its execution, to enable them to obtain the affirmative relief demanded by them in their answer. (*Gillespie* v. *Moon*, 2 Johns. Ch. 595; *Lyman* v. *U. Ins. Co.*, 17 Johns. 376; *Nevin* v. *Dunlap*, 33 N. Y. 676; *Kent* v. *Manchester*, 29 Barb. 595; *Humphreys* v. *Hurtt*, 20 Hun, 398; *Rider* v. *Powell*, 28 N. Y. 310; *Welles* v. *Yates*, 44 id. 525; *A. S. Bk.* v. *Burdick*, 87 id. 47, 48; *Paine* v. *Upton*, 87 id. 327; *Bush* v. *Hicks*, 60 id. 298; *Clute* v. *Kreis*, 102 id. 377; *Maher* v. *H. Ins. Co.*, 67 id. 283; *Goldsmith* v. *L. Ins. Co.*, 18 Abb. [N. C.] 325; *McGowan* v. *Gein*, 13 N. Y. S. R. 421; *Titus* v. *Perry*, Id. 237; *Crippen* v. *Baumes*, 15 Hun, 136.) The trial judge erred in holding that as the clause alleged to have been omitted by mistake was not in writing, the court had no power to reform the assignment, as demanded by the defendants. (*Stowell* v. *Haslett*, 5 Lans. 380.) When an instrument is drawn and executed for the purpose of carrying into effect a contract, written or parol, previously entered into, and which by mistake of the draftsman, in fact or in law, does not fulfill the intention of the parties, equity will correct the mistake, so as to produce a conformity of the instrument to the agreement. (*Rogers* v. *Atkinson*, 1 Kelly, 12; *Hunt* v. *Rousmanier*, 1 Peters, 13; 14 Story's Eq. §§ 152, 153.)

*Charles J. Bissell* for respondents. The assignment was void upon its face, as to creditors not provided for, it being a general assignment and the assignor insolvent, by reason of the provision requiring the return of the surplus to the assignor after payment of the preferred creditors, without making any provision for the payment of the creditors at large. (*Barney* v. *Griffin*, 2 Comst. 355; *Goodrich* v. *Downs*, 6 Hill, 438; *Collomb* v. *Caldwell*, 16 N. Y. 484; *Leitch* v. *Hollister*, 4 Comst. 211.) This obnoxious provision rendered the whole assignment void. ( *Wakeman* v. *Grove*, 4 Paige, 23; *O'Neill* v. *Salmon*, 25 How. Pr. 246; *Jessup* v. *Hulse*, 25 N. Y. 168.) The assignment is void upon its face by the express terms of the statute, without any proof of fraud, because it attempted to create a trust in the personal property to the use of the assignor. (2 R. S. pt. 2, chap. 7, tit. 2, § 1.) The assignment was void upon its face as to creditors not provided for therein, without any proof of fraudulent intent, as matter of fact, because the assignor must be presumed to have intended the necessary consequences of his act, and the necessary result of carrying into effect the provisions of the assignment would be to hinder, delay and defraud creditors not named in the assignment. (*Edgell* v. *Hart*, 9 N. Y. 213; *Mittnacht* v. *Kelly*, 3 Keyes, 407; *Nichols* v. *McEwan*, 17 N. Y. 22; *Knapp* v. *McGowan*, 96 id. 75; *Coleman* v. *Burr*, 93 id. 17; *Lester* v. *Pollock*, 3 Robt. 691; *Kavanaugh* v. *Barron*, 44 Barb. 192; *Sheldon* v. *Dodge*, 4 Denio, 217.) The assignment from Bradner to Holden took effect only from the time of its delivery, after all of the statutory requirements had been complied with. ( *Warner* v. *Jaffray*, 96 N. Y. 248.) No subsequent act of the assignor can validate a void assignment, as against an intervening judgment-creditor. (*Porter* v. *Williams*, 9 N. Y. 142.) The assignor could not, by any act of his, alter the prior assignment after its delivery. (*Ogden* v. *Prentice*, 33 Barb. 160; *Sweet* v. *Tinslar*, 52 id. 271; *Stewart* v. *Ackley*, Id. 283; *Porter* v. *Williams*, 9 N. Y. 142; *Bell* v. *Holford*, 1 Duer, 58, 78, 79.) Equality among creditors is

equity, and the court will not relieve against a mistake for the purpose of securing one creditor a preference over another. (*Bank of Rochester* v. *Emerson*, 10 Paige, 359; *Buchan* v. *Summer*, 2 Barb. Ch. 165; *Bunhard* v. *Phillips*, 11 Paige Ch. 66; *De Peyster* v. *Hildreth*, 2 Barb. Ch. 109; *Cherry* v. *Munro*, 2 id. 618; 1 Story's Eq. Jur. [5th ed.] 198, § 176.)

FOLLETT, Ch. J. A preferential assignment by an insolvent of all his estate, in trust, for the payment of but part of his creditors, which provides that after paying the creditors named, the remainder of the assigned estate shall be restored to the assignor, hinders and delays the unpreferred creditors, and it is void as against them. (*Goodrich* v. *Downs*, 6 Hill, 438; *Barney* v. *Griffin*, 2 N. Y. 365; *Collomb* v. *Caldwell*, 16 id. 484.)

The appellants concede that, as against the plaintiffs' judgment, the assignment, in so far as it affects the real estate is invalid, but urge that it was validated by the so-called supplementary assignment; but if not, that it should have been reformed upon proof that the illegal clause was inserted through the mistake and inadvertence of the assignor and assignee without fraudulent intent. The instrument recorded June thirtieth, and called a supplementary assignment, did not validate the original assignment as against the plaintiffs' judgment, which was recovered and docketed between the dates of the two instruments, and became a legal lien on all of the assignor's real estate situated in the county wherein it was docketed. (*Porter* v. *Williams*, 5 How. Pr. 441; affirmed, 9 N. Y. 142; *Gates* v. *Andrews*, 37 id. 657; *Schwartz* v. *Soutter*, 41 Hun, 323; affirmed, 103 N. Y. 683; *Averill* v. *Loucks*, 6 Barb. 470; *Metcalf* v. *Van Brunt*, 37 id. 621; *Smith* v. *Howard*, 1 Sheld. 5; 20 How. Pr. 121.) The defendants alleged in their answers, and offered to prove, that the assignor intended by his assignment to devote all his property to the payment of his debts, and that the provision for the restoration to the assignor of the remainder after the payment of the preferred

creditors was inadvertently inserted by mistake, and without intent to defraud the creditors of the assignor, which evidence was rejected on the ground that it would afford no ground for a reformation of the assignment as against the lien of the plaintiffs' judgment. It is clear, on principle and authority, that an assignment void on its face cannot be reformed by an action so as to cut off a lien of a judgment recovered after the execution of the illegal assignment and before its reformation. (*Whitaker* v. *Gavit*, 18 Conn. 522; *Whitaker* v. *Williams*, 20 id. 98; *Farrow* v. *Hayes*, 51 Md. 504.) This assignment, by its terms, hindered and delayed the creditors of the assignor, and it was not competent to show, for the purpose of cutting off the lien of the judgment, that no fraud was intended by the assignor and assignee.

The judgment should be affirmed, with costs.

All concur, except Bradley and Haight, JJ. not sitting.

Judgment affirmed.