### In re Boyd.

### In re Bryce.

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERRED CLAIMS—PAYMENT.

Laws N. Y. 1887, c. 503, provide that, in general assignments for benefit of creditors, any preference other than for wages, etc., shall not be valid except to the amount of one-third in value of the assigned estate left after deducting such wages, etc., and should said one-third of the assets be insufficient to pay the preferred claims in full, said assets shall be applied to the payment of the same *pro rata.* *Held* that, where an assignment creates several classes of preferences, the whole of such one-third of the net assets may be applied to the payment of the first pre-ferred creditor, even though it be insufficient to pay that claim in full. The only limitation intended by the act was to restrict the quantity of the debtor's estate to be applied to claims preferred by him.

Appeal from special term.

Application for confirmation of report of referee on accounting by Francis O. Boyd as assignee for benefit of creditors of Charles S. Bryce. From so much of the order made on confirming the referee's report as directed the ap-plication by the assignee of one-third of the net assets towards the payment of the claim of Ross & Kearney, the first preferred creditors, William A. Bryce, another preferred creditor, appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*William D. Veeder,* for appellant. *John H. V. Arnold,* for Ross & Kear-ney, respondents.

BISCHOFF, J. The sole question to be determined on this appeal is as to the right of the court, under the provisions of the Laws of 1887, c. 503, to direct the application of one-third of the net assets of the assigned estate, towards the payment of the claim of the first preferred creditor, where the assignment creates several classes of preferences, and such one-third of the net assets is insufficient to pay the first preferred claim in full. The lan-guage of the statute referred to is as follows: "Sec. 30. In all general as-signments of the estates of debtors for the benefit of creditors hereafter made, any preference created therein (other than for the wages or salaries of em-ployes under chapter three hundred and twenty-eight of the Laws of eighteen hundred and eighty-four and chapter two hundred and eighty-three of the Laws of eighteen hundred and eighty-six) shall not be valid, except to the amount of one-third in value of the assigned estate left after deducting such wages or salaries, and the costs and expenses of executing such trust; and should said one-third of the assets of the assignor or assignors be insufficient to pay in full the preferred claims to which, under the provisions of this section, the same are applicable, then said assets shall be applied to the payment of the same *pro rata* to the amount of each of said preferred claims." However much the practice of debtors in failing circumstances to give preference in payment to some creditors to the exclusion of others, by assignments for the

benefit of creditors, may be condemned, the common-law right to make such preferences has always been conceded to exist. *Riggs* v. *Murray*, 2 Johns. Ch. 565; *Grover* v. *Wakeman*, 11 Wend. 187; *Boardman* v. *Halliday*, 10 Paige, 223; *Goodrich* v. *Downs*, 6 Hill, 438; ·*Webb* v. *Dagget*, 2 Barb. 9; *Barney* v. *Griffin*, 2 N. Y. 365; *Nicholson* v. *Leavitt*, 6 N. Y. 510. And any statutory interference with such right, must therefore be strictly construed. *Taylor* v. *Mayor, etc.*, 82 N. Y. 10. Thus in the consideration of the limitations upon the debtor's right to apply his property towards the payment of preferred claims, contained in chapter 503, Laws 1887, only that which may be fairly deemed to have been the intendment of the legislature by the strictest interpretation of the statute, should be held applicable; and all rights not abrogated in express terms, or by necessary implication, must, therefore, be regarded as still subsisting. It is apparent from a careful and unbiased reading of the statutory provision above referred to, that the only limitation intended was to restrict the quantity of the debtor's estate which he may desire to apply in payment of the claims of creditors preferred by him, and that the common-law right of the debtor to create distinct classes of preferred creditors, and to provide that his assets shall be applied towards the payment of one class, in preference to an inferior class, is in no sense disturbed; that is to say, notwithstanding the statutory provisions above referred to, the debtor may still direct the application of one-third of the net assets towards the payment of the claim of one preferred creditor, before such assets shall be applicable to the payment of the claim of a second or third preferred creditor. The language, "any preference * * * shall not be valid, except to the amount of one-third in value of the assigned estate," is equivalent to saying that one-third of the assigned estate may be applied towards the payment of any preferred claim. The subsequent provision that, in the event that "said one-third of the assets shall be insufficient to pay the preferred claims in full, then said assets shall be applied to the payment of the preferred claims *pro rata*," has reference only to the case where such preferred claims belong to the same class, and are equally preferred in the order in which the one-third of the net assets are directed to be applied, but does not contain any inhibition upon the debtor to direct the order or manner in which so much of his assets as may be properly applicable for that purpose shall be distributed among his preferred creditors. The order appealed from should be affirmed, with costs. All concur.