## LEHMAN v. BENTLEY.

(*Superior Court of New York City, General Term.* May 2, 1892.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—FORMAL EXECUTION—INTENT.

A conveyance, the only consideration of which is an agreement on the part of the transferee that he will apply the proceeds in payment of the debts of the transferrer, is void, unless executed in the manner prescribed for a general assignment, even though there be no actual intent to hinder or defraud creditors.

2. FRAUDULENT CONVEYANCE—CONSIDERATION—FUTURE SERVICES.

A conveyance executed in consideration of future services of any kind is void as to existing creditors.

Appeal from special term.

Action by Julius Lehman, receiver, etc., against George F. Bentley. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*John B. Uhle,* for appellant. *Hatch & Warren,* for respondent.

FREEDMAN, J. A careful examination of the whole case has satisfied me that the evidence amply sustains the findings of fact made by the trial judge, and that the judgment creditors represented by the plaintiff as receiver are not estopped from maintaining the action. The admissions made

by the defendant in his answer are conclusive upon him. Under these circumstances; the legal conclusions reached are the logical and inevitable result. Even in the absence of an actual intent to hinder, delay, or defraud creditors, a conveyance of property, the only consideration of which is an agreement on the part of the transferee that he will apply the proceeds in payment of the debts of the transferrer, is void, unless executed in the manner prescribed for a general assignment. *Britton* v. *Lorenz*, 45 N. Y. 51. And a conveyance in consideration of future services of any kind is also void against then existing creditors. *Davis* v. *Briggs*, (Sup.) 5 N. Y. Supp. 323; *Swift* v. *Hart*, 35 Hun, 128. The exceptions taken by the defendant are untenable. The judgment should be affirmed, with costs.