THE CHEMUNG CANAL BANK, Respondent, *v.* BENJAMIN N. PAYNE and Another, Defendants; MARY L. PAYNE and Others, Appellants.

*A mortgage covering real and personal property — it will not be declared void as to the realty because, not having been filed, it is void as to the personal property.*

A mortgage covering both real and personal property, which is, as to the mortgagor's creditors, void as a chattel mortgage, because, although there was no change of the possession of the mortgaged chattels, it was not duly filed, will not be declared void so far as it is a mortgage of real estate, where the court finds, upon the evidence, that the mortgage was executed in good faith.

APPEAL by the defendants, Mary L. Payne and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chemung on the 13th day of March, 1897, upon the decision of the court rendered after a trial at the Chemung Special Term in an action brought for the foreclosure of a mortgage.

*E. J. Baldwin* and *F. B. Gill*, for the appellants.

*Frederick Collin*, for the respondent.

LANDON, J.:

The mortgage given by the defendants, the members of the firm of B. W. Payne & Sons, to the plaintiff September 3, 1896, was of both real and personal estate. It was not filed as a chattel mortgage until September 30, 1896, and meantime the mortgagors remained in possession of all the property, both real and personal, except such of the personal property as they disposed of in the usual course of their business to parties other than the plaintiff. It was not the intention of the parties that the mortgagors should give the plaintiff immediate possession of the personal property.

The appellants are judgment creditors of the mortgagors, with unsatisfied executions upon indebtedness due them when the mortgage was given. The statute declares the chattel part of this mortgage void against these judgment creditors because, there being no

change of possession of the mortgaged chattels, the mortgage should have been filed. (*Stephens* v. *Perrine*, 143 N. Y. 476; *Karst* v. *Gane*, 136 id. 316; *Mandeville* v. *Avery*, 124 id. 376; *Keller* v. *Paine*, 107 id. 83.)

No claim is here made that the mortgage was valid as a chattel mortgage against these appellants; it is conceded that it was not.

We have recently held, in respect to this very mortgage, that, considered as a chattel mortgage, since it was neither filed nor the possession of the property changed, the statute attaches the presumption of fraud to it, which is conclusive, in the absence of repelling evidence. (*Lukens Iron & Steel Co.* v. *Payne*, 13 App. Div. 11.)

Upon the trial evidence was given disclosing the history of the transaction.

The judgment here appealed from is one foreclosing the mortgage as a real estate mortgage, and the character of the instrument as a chattel mortgage is not in question, except as it and its history furnish evidence of the intent with which the real estate was also mortgaged.

The learned trial judge found that "both the mortgagor and the mortgagees regarded the firm as solvent at the time of the giving of the mortgage, and the purpose of the parties to the mortgage was honest and the mortgage given in good faith, and not with the intent to hinder, delay or defraud creditors."

The appellants' contention is:

1. That the only evidence competent to show that a chattel mortgage, unaccompanied by an immediate delivery and continued change of the possession of property mortgaged, was not fraudulent, is the filing thereof; and

2. That the mortgage being void in part is void *in toto.*

As to the first proposition, we remark that the filing of the mortgage does not change the intent with which it was given. The filing puts the burden of proof upon the party assailing the mortgage; he may prove it fraudulent though filed, and the possession of the mortgaged property both changed and continued. But if unfiled and the possession of the mortgaged property not changed, no other proof is necessary to invalidate the mortgage, and if its fraudulent character is also in issue, the burden is on the party seeking to sustain the mortgage to overcome the presumption of fraud which the statute

in such case declares. The plaintiff sustained · this burden by evidence of the honesty of the transaction.

Now, in this case, while we must declare the chattel mortgage part of this instrument void, we cannot, in the face of the evidence given, and the finding of the trial judge, say that the statutory presumption of its fraudulent character was not repelled and overcome. We are not, therefore, to inquire whether the fraudulent character of the chattel mortgage part of the instrument vitiates the whole, but whether the chattel mortgage part, being void by force of the statute in respect to filing, the whole instrument is void.

Had the real estate mortgage stood alone its validity would be unquestionable.

In *Savage* v. *Burnham* (17 N. Y., at p. 576) it is said: " It has sometimes been thought that the maxim ' void in part void *in toto*,' expresses a general principle of law, but in reality it does not, as every one must see on a moment's reflection. In the nature of things, in reason, and, above all, in justice, it may and must be true that a deed, a will or other instrument can in part be good, although another part is void because in contravention of positive law." The severance of the void from the valid is frequently made in cases of wills. (*Post* v. *Hover*, 33 N. Y. 595 ; *Oxley* v. *Lane*, 35 id. 340 ; *Locke* v. *Farmers' Loan & Trust Co.*, 140 id. 143 ; *Cross* v. *U. S. Trust Co.*, 131 id. 330 ; *Tiers* v. *Tiers*, 98 id. 569.)

In deeds and agreements the cases are less numerous, but the rule is the same. (*Darling* v. *Rogers*, 22 Wend. 483 ; *Booth* v. *Kehoe*, 71 N. Y. 341 ; *Curtis* v. *Leavitt*, 15 id. 96.)

In the latter case (p. 123) it is said : " If a deed is made with some evil intent, whether such intent is denounced by the common law or by a statute, then it is true the whole is void, because the whole is pervaded by a single vice." Thus, the test is whether one part of the instrument is both fraudulent and void.

·The law declares the chattel mortgage part void upon rules which do not apply to a real estate mortgage. The two parts are severable in their nature, and in the rules of law by which their validity is to be tested. Respecting the real estate part of the mortgage there is a different statute, namely, " Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, * * * made with the intent to hinder, delay or defraud creditors * * *

as against the persons so hindered, delayed or defrauded, shall be void." (2 R. S. 137, § 1.) And the statute further provides that, "The question of fraudulent intent, in all cases arising under the provisions of this chapter, shall be deemed a question of fact and not of law." (Id. § 4.)

Thus, the statute of non-filing which voids the chattel part does not embrace the real estate part, and the statute which embraces the real estate part excludes the legal condemnation appointed for the chattel part. Each part is vulnerable according to its kind, and the statute appoints to each its several vulnerability, and the particular omission which is fatal to one part does not harm the other. If, under the rules peculiar to chattel mortgages, we assume the chattel portion was fraudulent, it is apparent that if fraud be imputed to the mortgage of real estate, simply because of its association with the improper mortgage of chattels, then the imputation may well be contrary to the fact. The fact of a fraudulent intent requires proof of facts from which the inference properly follows. Poor Tray was beaten because he was in bad company, but also because he was, therefore, misjudged. As a matter of fact, we can see that the real estate portion of the mortgage was not fraudulently given, and, therefore, the judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.