(22 App. Div. 613.)

### WHEELER v. CHILDS et al.

(Supreme Court, Appellate Division, Third Department.   December 7, 1897.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—PREFERENCE.

    A general assignment of individual property for the payment of firm debts, and providing for the return of the surplus to the assignors without making any provision for the payment of the party's individual debts, is wholly void, as against a creditor of the party.

Appeal from judgment on report of referee.

Action by Henry L. Wheeler, as administrator of the estate of Gilderoy Lord, deceased, against Solomon J. Childs and others.   From a judgment for defendants, entered upon the report of a referee, plaintiff appeals.   Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Elon R. Brown, for appellant.

V. P. Abbott, for respondents.

LANDON, J.   The plaintiff, a judgment creditor of the defendant Alanson A. Matteson, and also of said Matteson and the defendant Solomon J. Childs, the latter judgment having been recovered upon the partnership debt of both defendants, seeks to set aside as fraudulent the general assignment of the two defendants made July 13, 1888, wherein they assigned to the defendant Knox all their "partnership and individual estate, real and personal," in trust to pay the debts of the firm, and if, after such payment, there should be any surplus, to return the same to the assignors, without making any provision for the payment of the individual debts.   The plaintiff also seeks to set aside two conveyances,—one made December 18, 1887, by the defendant Childs to his wife, the defendant Amelia A. Childs, of a house and lot, which both of them then mortgaged to E. F. Matteson, and the latter assigned the mortgage to the defendant Caroline, wife of the defendant A. A. Matteson; the other conveyance made February 15, 1888, by the defendant A. A. Matteson to E. F. Matteson, of a house and lot, which the latter afterwards assigned to said Caroline, wife of A. A. Matteson.   The referee found that the general assignment was "a legal and valid assignment of the company property of the firm of Childs & Matteson," and that the other conveyances and transfers were valid, and dismissed the complaint.   The appellant presents the single question of the validity of the general assignment, rightly conceding that, unless he can set that aside, he cannot attack the conveyances which preceded it; the cause of action, if any, in such case, being in the general assignee.   Loos v. Wilkinson, 110 N. Y. 195, 18 N. E. 99.   The general assignment is undoubtedly void against the plaintiff as an individual creditor of A. A. Matteson, for the reason that it is a general assignment of his individual property for the payment of his firm debts, and provides for the return of the surplus to the assignors, without making any provision for the payment of A. A. Matteson's individual debts.   Sutherland v. Bradner, 116 N. Y. 410, 22 N. E. 554; Collomb v. Caldwell,

16 N. Y. 484. The firm creditors have the first preference, the as-signor the second, and the individual creditors are excluded. The scheme to hinder and delay the latter is complete. While it is true that a partner can apply his individual property to the payment of his firm debts (Crook v. Rindskopf, 105 N. Y. 476, 12 N. E. 174), if he undertakes to do so by a general assignment he must, in pre-ferring his firm creditors over his individual creditors, respect the statute limiting preferences, and especially avoid giving himself or his firm a preference over either class of creditors. It is true that the referee found that the conveyances and transfers, other than the general assignment, were valid. Having held the latter to be valid, the holding that the former were valid would follow, since the plaintiff would not be in a position to challenge them. We express no opin-ion as to their validity. But the plaintiff is entitled to a trial of the case upon the theory that the assignment is void against him. The learned referee seemed to be of the opinion that it was valid as to the firm property. But as pointed out in Bank v. Cohn, 42 Hun, 383, where the vice in the instrument lies in the prohibited intent with which it is made, the good cannot be separated from the bad, although the rule may be otherwise where an honest intent pervades the whole, and one separate part fails of legality because of peculiar rules necessary to effect it. Bank v. Payne (Sup.) 47 N. Y. Supp. 877. The judgment is reversed, the referee discharged, and new trial grant-ed, costs to abide the event. All concur.