It is claimed that the affidavit for arrest does not support the complaint. The affidavit states that the defendant promised to take up the note with the check; that, when suit was commenced on the note, plaintiff saw the defendant, and asked him how this happened, if he had not taken up the note, and why he had not used the check for the purpose for which plaintiff had given it; that defendant professed surprise and anger, and said that the lumber for which the note was given had come from one Goodrich, and that the note and check to take it up had been given to Goodrich, and that it was very wrong for Goodrich to do as he had done, and that he (defendant) would help plaintiff out if he would pay part cash, and give new notes for the balance of the old note and costs, which notes he would see were taken care of. The affidavit states that nothing was said to plaintiff about Goodrich or any other person as defendant's principal when the lumber was bought, when the original note was given, or when the check was given to take up the note; and plaintiff charges that the defendant converted the check and its proceeds to his own use. It is not shown in the affidavit that the defendant cashed the check himself, or caused it to be cashed; and the general allegation of the fraudulent conversion of the check and its proceeds is only a conclusion. But, nevertheless, the facts stated in the affidavit sustain the cause of action for conversion of the proceeds of the check. While the original note was made payable to the order of "D. B. Burnett, Agt.," the check which plaintiff gave to the defendant to take up the note was made to the order of "D. B. Burnett,"—that is to say, to the defendant personally and individually,—and was, in addition, delivered to him upon a personal trust which attached to the proceeds obtained by his indorsement, and which, it may be fairly inferred, were received by him. Plaintiff was not bound to negative the unsworn statement of defendant that he was acting for a principal to whom he had transmitted both note and check. The check being made to him individually, upon his agreement to use it as instructed, his failure to so use it, by taking up plaintiff's note, and returning it to him, and the cashing of the check upon his indorsement, create the presumption that he used the proceeds for his own purpose; and this was conversion of the money. Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992.

Order affirmed, with costs. All concur.

---

(22 Misc. Rep. 284.)

### WRIGHT v. THORPE et al.

(Supreme Court, Special Term, Kings County. January 25, 1898.)

FRAUDULENT CONVEYANCE.

An insolvent debtor transferred his business and all his property to trustees, who were to run the former an indefinite time, and out of the profits pay such creditors as should consent to the arrangement. If the business could be sold for a sufficient sum to pay such creditors, the proceeds were to be divided among them. *Held*, that the transfer was void as to creditors not consenting thereto.

Action by William A. Wright against John B. Thorpe and others. Judgment for plaintiff.

Action by a judgment creditor to set aside a transfer of property by his debtor as fraudulent and void against creditors. It is by a trust instrument which transfers the business and all of the assets of the debtor therein, to trustees to hold the same, run the business for an indefinite time, and out of the profits pay in full such of the creditors as shall come in and agree to such arrangement, and thereupon to transfer back to the debtor. It also provides that if at any time the said debtor shall provide a purchaser of the said business for a sum sufficient to pay such consenting creditors, the trustees shall transfer to such purchaser upon receiving the said sum, which they shall divide among the said creditors. · The property so transferred by the debtor was all that he had, and he was insolvent when he made such transfer.

Clarence J. Shearn, for plaintiff.
Louis Wertheimer, for defendants.

GAYNOR, J. This scheme hinders and delays all creditors who did not consent to it (of whom plaintiff is one), and is therefore void as to them. Sutherland v. Bradner, 116 N. Y. 410, 22 N. E. 554.
Judgment for the plaintiff.