(27 App. Div. 99.)

SHEPARD & MORSE LUMBER CO. v. BURLEIGH et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. CHANGE OF VENUE—AFFIDAVIT.

In an action brought in New York county by a foreign corporation against two residents of the state of New York, and which was required, under Code Civ. Proc. § 984, to be tried in a county in which some one of the parties resided, the defendants moved, upon the affidavit of one of them, for a change of the place of trial to Washington county, in which, according to the allegations of the affidavit, both defendants resided. The plaintiff's affidavits did not specifically deny this allegation as to the defendant H. G. B., but alleged that, while he did business in Washington county, he spent his Sundays in Essex county, where his family lived. *Held*, that these facts were not sufficient to offset his positive allegation under oath.

2. SAME.

*Held*, further, that the fact that the affidavit of H. G. B. was incorrect in its allegation of the residence of his co-defendant did not alter this result.

3. CORPORATIONS—RESIDENCE.

A foreign corporation cannot be a resident of this state, and this principle is not changed by Laws 1892, c. 689, authorizing such a corporation to acquire a place of business here, and transact business.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Shepard & Morse Lumber Company against Henry G. Burleigh and another. From an order changing the place of trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Eustace Conway, for appellant.

J. S. Potter, for respondents.

INGRAHAM, J. The action is brought by the plaintiff, a corporation organized under the laws of the state of Maine, against the defendants as co-partners, the complaint alleging that the defendants' principal office is at Whitehall, Washington county, N. Y., to recover the damages sustained by what appears to be malicious prosecution of civil actions instituted by the defendants against the plaintiff in the supreme court in the said county of Washington. The defendants answered the complaint, and with the answer served

a notice demanding that the place of trial be changed from the
county of New York to the proper county, viz. the county of Wash-
ington.    The plaintiff having refused to consent to such demand, the
defendants made a motion that the place of trial be changed to
Washington county, based upon an affidavit of one of the defendants,
who swears that the defendants are both residents of the county of
Washington, and engaged in business in said county.    That motion
was granted, and from the order granting the same the plaintiff ap-
peals.

By section 984 of the Code of Civil Procedure it is provided that
an action not specified in sections 982, 983, must be tried in the
county in which one of the parties resided at the time of the com-
mencement thereof.    As this action does not appear to be one spec-
ified in either of the two sections named, it must be tried in the
county in which one of the parties resided.    In answer to the de-
fendants' affidavit, the plaintiff submitted affidavits tending to show
that one of the defendants resides in Essex county and that the
family of the other defendant, Henry G. Burleigh, also had a residence
in said county; but the allegation that the defendant Henry G. Bur-
leigh was a resident of Washington county is nowhere denied.    All of
the affidavits state that the defendant Henry G. Burleigh does business
in Washington county, and spends most of the time there, returning
to Ticonderoga, Essex county, to spend Sunday of each week.    Wash-
ington county joins Essex county on the south, the village of Ticonder-
oga being a short distance from the boundary line between the two
counties.    Whether or not the defendant's legal residence is at White-
hall, where his business is located, and where he spends most of his
time, or at Ticonderoga, where his family lives, and where he spends
Sundays, is a matter of fact which was submitted to the court below
upon the affidavits.    The fact that the affidavit incorrectly stated the
legal residence as to one defendant would not justify the court in
denying this motion if it found as a fact that the other defendant did
reside in Washington county, the county named as the proper county.
In the case of People v. Platt, 117 N. Y. 166, 22 N. E. 937, it was held
that the defendant was a resident of Tioga county, although for years
he had been in business, and spent all of his time, except during the
hot season, in the city and county of New York, it having appeared
that prior to removing to New York he had been a resident of Tioga
county, that he had continued to vote in that county, and that he had
never intended to change or abandon his residence in that county.    It
does not appear in what county this defendant voted, but he swears
positively that his residence is in Washington county.    The mere fact
that this defendant is in the habit of spending Sundays in an adjoining
county, with his family, is not sufficient to show that he is not a resi-
dent of the county in which he swears he resides, and which he claims
as his legal residence.    It is quite clear that the plaintiff is not a resi-
dent of this state within the meaning of this section of the Code.    A
foreign corporation cannot be a resident of this state.    It has but one
domicile, namely, in the sovereignty that incorporated it; and, while a
state may authorize a foreign corporation to do business within its
boundaries, such a corporation does not thereby become a resident of

the state.   The provisions of chapter 689 of the Laws of 1892 do not change this relation of a foreign corporation to the state, or make it a resident of this state.   A foreign corporation is still required to give security for costs as a nonresident, and is subject to an attachment against its property in an action commenced against it.   The act, upon complying with certain conditions, authorizes such a foreign corporation to acquire a place of business within this state, and to transact business here, but nothing in the act gives it the legal status of a resident of the state.

I think, therefore, that the order appealed from was right, and should be affirmed, with $10 costs and disbursements.

RUMSEY and McLAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting).   I am of opinion that this motion should have been denied.   The only evidence that either of these defendants resided in Washington county is that contained in the affidavit of Henry G. Burleigh, submitted upon this motion, in which he swears that the defendants are both residents of the county of Washington, in this state.   It is conceded by the prevailing opinion that this affidavit is false in respect to the residence of the defendant Brackett W. Burleigh, it having been shown that the latter was a voter in the county of Essex, and a trustee of the village of Ticonderoga, and that his family resided in that village.   It is difficult to see how any judicial action can be taken upon an affidavit of this character, where it is shown to be knowingly false in one of its material particulars, simply because quite as positive evidence to contradict it in other material parts is not furnished.   The affidavit of Henry G. Burleigh having been shown to be knowingly false as to the residence of Brackett W. Burleigh, the court should have rejected the affidavit until some further proof was offered in respect to the residence of Henry G. Burleigh than his mere statement that he resided in the county of Washington, without stating in what part of the county he has fixed his legal residence.   It is shown that his family resided in Ticonderoga, and that he stays with his family from Saturday until Monday; and yet it is said that this motion was properly granted because the allegation that the defendant Henry G. Burleigh is a resident of Washington county is nowhere denied.   Facts are shown from which residence in Essex county can be inferred, and there is no contradiction of this inference except by an affidavit which is shown to be false and admitted to be false in respect to one of the defendants, as to whose residence Henry G. Burleigh had apparently as complete knowledge as he had of his own.   Henry G. Burleigh nowhere states where he resides in Washington county, and all that the plaintiff could do was to show that he lived with his family in the village of Ticonderoga, and he thereby established facts from which the inference of Henry G. Burleigh's residence in the county of Essex could be drawn.   Ordinarily, it takes but slight evidence to overcome averments contained in an affidavit which is shown to be absolutely false in respect to other material parts.

The order should be reversed.