after. In any event, it is sufficient to say that the requirements of the judgment that this plaintiff, as a condition of receiving her certificate of stock, should give a bond to save the executor harmless from the amount of this debt if it shall be established, is all that he could ask, and, indeed, more than he was entitled to. We have examined the exceptions to the rulings upon evidence, and find nothing in them to warrant a reversal.

The judgment, therefore, is correct, and should be affirmed, with costs. All concur.

---

### In re HALSTED.

(Supreme Court, Appellate Division, First Department. June 23, 1899.)

ASSIGNMENTS FOR CREDITORS—PREFERENCE.

The provision of Laws 1877, c. 466, that in all general assignments for creditors a valid preference of one-third in value only of the assigned estate, after making prescribed deductions, can be made, applies to such an assignment of property in the state made therein by a foreign corporation.

Appeal from special term, New York county.

In the matter of the final accounting of Charles F. Halsted, as assignee of the Williams Ink Works for the benefit of creditors. From a final order confirming a referee's report on taking the final account of the assignee, Paul Hesse and other creditors appeal. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Winthrop Parker, for appellants.
Ambrose G. Todd, for respondents.

RUMSEY, J. On the 24th of June, 1897, the Williams Ink Works, a corporation organized under the laws of the state of Virginia, but having its principal office in the city and county of New York, and doing business in that city, where all its property was situated, executed and delivered to Charles F. Halsted an assignment for the benefit of its creditors, by which the assignee was required, after paying the expenses of his assignment and the wages due to employés, to pay to Charles M. Creswell a debt of $721 due from the Williams Ink Works to him, and to pay to Jenny E. Badger a debt which the Ink Works owed to her of $206, and out of the residue, if there should be any, the assignee was required to pay the other debts of the assignor pro rata as far as practicable. The assignee presented his account, which was referred to a referee, who took and stated it; and his report was confirmed by an order of this court made on the 24th of March, 1899. From that order this appeal is taken. It appeared by the report that the net assets, after the payment of wages, costs, and expenses of executing the trust, were $592.18. The report of the referee directed that the whole of these assets be turned over to the preferred creditors, and that direction was confirmed by the special term. The creditors who are not preferred insist that the preference was only

valid to the extent of one-third of the net assets, that that portion of the assets only should be turned over to the preferred creditors, and that the remainder should be divided among the unpreferred creditors. This contention was overruled by the learned justice at the special term, and the single question presented here is as to the correctness of that ruling.

The Williams Ink Works was a foreign corporation, and therefore section 48 of the stock corporation law, forbidding preferences by a corporation in this state, did not apply to it. Vanderpoel v. Gorham, 140 N. Y. 563, 35 N. E. 932. It is claimed, however, by the appellants that, although a foreign corporation may legally make a preference under the laws of this state, yet such a preference is controlled by section 30 of the general assignment act, which limits it to one-third of the net assets. It is quite true that a foreign corporation has its domicile in the state of its origin, and nowhere else. Lumber Co. v. Burleigh, 27 App. Div. 99, 50 N. Y. Supp. 135. It is also true that, in the absence of special statutory provisions of this state, a transfer of personal property made by a citizen of another state, which is valid according to the laws of that state, will be sustained and enforced here. But that rule applies only where the laws of this state are silent with regard to the transfer of property within its jurisdiction. It cannot be denied that each state and country has the right to regulate the transfer of personal property within its territories (Milne v. Moreton, 6 Bin. 361), and, when it has done so, the principle of comity, by which a transfer that is valid in the state of the domicile of the owner will be enforced, is at an end, and must give way to the provisions of the statutes of the country where the property is situated. Green v. Van Buskirk, 5 Wall. 307; Id., .7 Wall. 139; Keller v. Paine, 107 N. Y. 83, 13 N. E. 635; Warner v. Jaffray, 96 N. Y. 248. The property which was assigned here is situated in this state. The assignment was made in this state. That it was intended to be made pursuant to the laws of this state is apparent from the fact that it complies in all respects with the requirements of our statute, that it was accepted and executed by the assignee as the statute requires, and that it was recorded in the county of New York. But it is a matter of no importance whether it was intended by the parties to it to be made pursuant to the laws of this state or not. It was made in this state, and it undertook to transfer property situated in the state, and, necessarily, it was subject to the laws which have been made in this state in regard to instruments of that kind. Our general assignment act (chapter 466, Laws 1877) establishes regulations for every assignment made by a debtor of his real or personal property, or both. An assignment, to be valid in this state, must comply with the regulations laid down in that statute. One of those regulations is that, "in all general assignments for the benefit of creditors hereafter made, any preference shall not be valid except to the amount of one-third in value of the assigned estate, after deducting such wages or salaries and the costs and expenses of executing such trust." This provision of the statute applies to this assignment, as it does to

every other assignment made within the state. For this reason the referee was in error in prescribing that the whole amount of the assets should be applied to the payment of the preferred debts; and the order should have provided that one-third of the assets be paid to the preferred creditors in the manner directed by the assignment, and that the remainder be divided pro rata among the unpreferred creditors.

The order, therefore, must be modified by thus providing, and, as modified, it must be affirmed, with costs to the appellants. All concur.