In the Matter of the Voluntary Dissolution of HULBERT BROTHERS AND COMPANY.

THOMAS C. CAMPBELL et al., Appellants; WILLIAM M. BULKLEY, as Substituted Assignee and Trustee of E. C. MEACHAM ARMS COMPANY, Respondent.

1. APPEAL — PROCEEDING FOR VOLUNTARY DISSOLUTION OF CORPORATION. A proceeding for the voluntary dissolution of a corporation under the statute (Code Civ. Pro. §§ 2419–2431) is a special proceeding; and a final order made therein is reviewable as of right by the Court of Appeals.

2. FINAL ORDER — AMENDMENT. An order made in a proceeding for the voluntary dissolution of a corporation, confirming a referee's report

upon a receiver's accounts and the claims of creditors, adjudging who are creditors and directing the distribution, among them *pro rata*, of the balance in the hands of the receiver, after the payment of expenses, is a final order; and if such order is amended by the Appellate Division by substituting one name for another as the party entitled to a dividend, on appeal from a denial by the Special Term of a motion for such amendment, the amended order is also a final order.

3. MOTION BY ASSIGNEE OF FOREIGN CORPORATION CREDITOR FOR SUBSTITUTION OF NAME IN ORDER OF DISTRIBUTION IN PROCEEDING FOR VOLUNTARY DISSOLUTION OF DOMESTIC CORPORATION. A motion by an assignee of a foreign corporation, under a preferential assignment for the benefit of creditors, to amend a final order of distribution in a proceeding for the voluntary dissolution of a domestic corporation, in which the foreign corporation was named as a creditor entitled to a dividend, by substituting his name, is not the proper course to obtain a determination in the first instance of the right to the dividend, as against domestic attaching creditors of the foreign corporation.

4. DETERMINATION OF NEW CLAIMS NOT WITHIN SCOPE OF MOTION TO SUBSTITUTE NAME IN ORDER OF DISTRIBUTION. The original determination of conflicting claims of outside parties to the dividend adjudged to a distributee in a final order in a proceeding for the voluntary dissolution of a corporation is not within the scope of a mere motion to substitute a name in the order; and when the proceeding has not been opened for the litigation of such claims, and the motion has been denied at Special Term, the Appellate Division, on appeal from the denial of the motion, cannot so enlarge its scope as to involve original questions between a foreign assignee and domestic creditors of the original distributee, who were not parties to the original proceeding.

*Matter of Hulbert Bros. & Co.*, 38 App. Div. 323, reversed.

(Argued June 6, 1899; decided October 3, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 28, 1899, reversing an order of Special Term which denied a motion to modify an order entered upon an accounting of a receiver in a proceeding for the voluntary dissolution of a corporation, and granting the motion.

The facts, so far as material, are stated in the opinion.

*James M. Kerr* for appellants. The deed of trust under which the respondent claims is in effect a mortgage. (*Crow* v. *Beardsley*, 68 Mo. 435; *Union Bank* v. *Kansas City Bank*, 136 U. S. 223; *Hargadine* v. *Henderson*, 97 Mo. 375, 386;

*State* v. *Benoist*, 37 Mo. 500 ; *Potter* v. *McDowell*, 31 Mo. 74 ; *Carson* v. *Murray*, 15 Mo. 378 ; *Carson* v. *Blakely*, 6 Mo. 273 ; *S. & K. J. Co.* v. *Thurman*, 29 Mo. App. 186 ; *Tompkins* v. *Wheeler*, 41 U. S. 118 ; *Clarke* v. *White*, 37 U. S. 200.) The deed of trust is not a general assignment for benefit of creditors. (*Crow* v. *Beardsley*, 68 Mo. 435 ; *Union Bank* v. *Kansas City Bank*, 136 U. S. 223 ; *Shapleigh* v. *Baird*, 26 Mo. 326 ; *Sampson* v. *Shaw*, 19 Mo. App. 274 ; *Boles* v. *Coe*, 10 Conn. 280 ; *Sampson* v. *Arnold*, 19 Iowa, 481 ; *Bailey* v. *K. M. Co.*, 32 Kan. 79 ; *Fairbanks* v. *Haynes*, 23 Pick. 323 ; *Henshaw* v. *Sumner*, 23 Pick. 446 ; *Brown* v. *Foster*, 2 Metc. 152.) If the deed of trust were an assignment for the benefit of creditors, it is not valid under the laws of Missouri. (R. S. of Missouri, § 354, as amended by L. 1885, p. 30 ; *Crow* v. *Beardsley*, 68 Mo. 437 ; *Sampson* v. *Shaw*, 19 Mo. App. 274 ; *Rogers* v. *Pell*, 154 N. Y. 518 ; *Barth* v. *Backus*, 140 N. Y. 230 ; *Boese* v. *King*, 78 N. Y. 471 ; *Shockley* v. *Fisher*, 75 Mo. 498, 500 ; *Hutchinson* v. *Greene*, 91 Mo. 367 ; *Chew* v. *Ellingwood*, 86 Mo. 260 ; *C. P. Co.* v. *H. S. P. Co.*, 144 Mo. 331 ; *Vanderpoel* v. *Gorman*, 140 N. Y. 563.) An assignment by a corporation for the benefit of creditors made in the state of Missouri is not a judicial proceeding, and in every case where any person asserts rights under it, as against a stranger, the burden is upon him to show at least an assignment valid upon its face. (*C. P. Co.* v. *H. S. P. Co.*, 144 Mo. 331 ; 5 Thomp. on Corp. §§ 6478, 6479 ; *Doerndeche* v. *Lumber Co.*, 21 Oreg. 573.) The deed of trust executed in Missouri is in contravention of our laws, and, therefore, will not be enforced here. (*Walter* v. *McAlister Co.*, 21 Misc. Rep. 747 ; *Home Bank* v. *Brewster & Co.*, 17 Misc. Rep. 442 ; *Hollis* v. *Drew Theo. Sem.*, 95 N. Y. 166 ; *Bard* v. *Poole*, 12 N. Y. 495 ; *Vanderpoel* v. *Gorman*, 140 N. Y. 563 ; *Milnor* v. *N. Y. & N. H. R. R. Co.*, 53 N. Y. 363 ; *Bryant* v. *Brisbane*, 26 Mo. 429 ; *Boyd* v. *R. S. C. Mills*, 7 Gray, 406 ; *Zipecy* v. *Thompson*, 1 Gray, 249 ; *Varnum* v. *Camp*, 13 N. J. L. 329.) An assignment by a corporation for the benefit of creditors, made outside of our state, without preferences, is void under

our laws so far, at least, as it affects the interests of attaching creditors in this state. (*T. W. M. Co.* v. *Harrison*, 73 Hun, 528; *T. W. M. Co.* v. *S. W. Mills*, 4 Misc. Rep. 245; *Sibell* v. *Remsen*, 33 N. Y. 96; *Robinson* v. *Bank of Attica*, 21 N. Y. 406; *Harris* v. *Thompson*, 15 Barb. 62.) A foreign assignment by a foreign corporation, with preferences, though valid where made, is repugnant to the policy of our law, and will not be recognized by our courts and enforced as against domestic creditors of the foreign corporation, pursuing their ordinary remedies in our courts against property of the assigning corporation located in our state. (*Croll* v. *E. S. K. Co.*, 17 App. Div. 282; *Home Bank* v. *Brewster & Co.*, 17 Misc. Rep. 442; *Edgerly* v. *Bush*, 81 N. Y. 199.) The law of the place where the assignment is made does not control when against the positive or customary law or public policy of the country where the property is found. (*H. Nat. Bank* v. *King*, 10 Abb. [N. C.] 346; *Warner* v. *Jaffray*, 96 N. Y. 248; *Edgerly* v. *Bush*, 81 N. Y. 199; *Harvey* v. *R. I. L. Works*, 93 U. S. 664; *Green* v. *Van Buskirk*, 7 Wall. 139; *J. M. Atherton Co.* v. *Jones*, 20 Fed. Rep. 896; *Black* v. *Zachario*, 3 How. [U. S.] 483; *Oakley* v. *Bennett*, 11 How. [U. S.] 33; *Zipcey* v. *Thompson*, 1 Gray, 243; *Boyd* v. *R. S. C. Mills*, 7 Gray, 406.) Comity does not require that the courts of this state shall recognize a foreign assignment law and enforce an assignment under it, as to property located in this state, with preferences, which contravenes the policy of our law and works injury to domestic creditors pursuing their ordinary remedies in our courts. (*Oakley* v. *Bennett*, 11 How. [U. S.] 33; *Greene* v. *Van Buskirk*, 5 Wall. 307.) The assignment, with preferences, contravenes the public policy of our state. (*Oscanyon* v. *W. R. Co.*, 103 U. S. 261; *U. S.* v. *T. M. F. Assn.*, 166 U. S. 290; L. 1890, ch. 564; L. 1892, ch. 688; *G. P. Co.* v. *O. P. K. Co.*, 42 Fed. Rep. 470.) The claimant acquired no title to assets in this state, as against domestic attaching creditors. (*Ockerman* v. *Cross*, 54 N. Y. 29; *Warner* v. *Jaffray*, 96 N. Y. 248; *Franzen* v. *Zimmer*, 90 Hun, 103; *O'Dea* v. *O'Dea*, 101 N. Y. 23; *Phelps* v. *Borland*,

103 N. Y. 406; *Barth* v. *Backus,* 140 N. Y. 230; *Marshall* v. *Sherman,* 148 N. Y. 9; *Matter of Waite,* 99 N. Y. 433; *Douglass* v. *P. Ins. Co.,* 138 N. Y. 209.) The lien acquired by the attachment is superior to the title of the foreign assignee for the benefit of creditors. (*Barth* v. *Backus,* 140 N. Y. 230; *Holmes* v. *Remsen,* 20 Johns. 229; *Kelly* v. *Crapo,* 45 N. Y. 87; *Matter of Waite,* 99 N. Y. 433; 2 Kent's Com. 406, 407; *Willitts* v. *Waite,* 25 N. Y. 577; *Johnson* v. *Hunt,* 23 Wend. 87; *Hargadine* v. *Henderson,* 97 Mo. 375; *Sampson* v. *Shaw,* 19 Mo. App. 274.)

*John Larkin* for respondent. The order in question is not appealable to the Court of Appeals. (*City of Johnstown* v. *Wade,* 157 N. Y. 50; *Van Arsdale* v. *King,* 155 N. Y. 325.) The title to the claim against Hulbert Bros. & Co. passed to the trustee under the instrument dated December 21, 1897. (*Vanderpoel* v. *Gorman,* 140 N. Y. 568; *Barth* v. *Backus,* 140 N. Y. 234.) The assignment of the Meacham Arms Company is not in contravention of the statutory law of this state nor in contravention of its public policy. (*Vanderpoel* v. *Gorman,* 140 N. Y. 569; *Rogers* v. *Pell,* 154 N. Y. 518; *Lane* v. *Wheelwright,* 69 Hun, 180; *Coats* v. *Donnell,* 94 N. Y. 168.) The Assignment Law of Missouri is not a bankrupt nor insolvent debtors' act. Missouri corporations are permitted to prefer their creditors. (*Larabee* v. *Bank,* 114 Mo. 592; *Hargadine* v. *Henderson,* 97 Mo. 375; *Meyer* v. *A. F. C. Co.,* 130 Mo. 188; *Schufeldt* v. *Smith,* 131 Mo. 280; *A. N. Bank* v. *A. P. Co.,* 138 Mo. 59.)

O'Brien, J. The respondent's counsel insists most strenuously that this court has no jurisdiction to review the order from which this appeal is taken. That is the question to be first considered and disposed of. In order to appreciate this objection, it is necessary to know just how the order originated and what it does or assumes to do. It was made in this proceeding, which, as the title indicates, was one to dissolve a corporation under the provisions of chapter 17, title 11 of the

Code (§§ 2419–2431). It is quite unnecessary to enter upon any argument to show that a proceeding for the voluntary dissolution of a corporation under this statute is a special proceeding. In fact, it is admitted that a final order made in such a proceeding is a final order in a special proceeding, and, therefore, reviewable in this court. It is from that order, as modified and corrected by the Appellate Division, that this appeal is taken, as appears from the notice of appeal and the facts disclosed by the record. It appears that a receiver of the corporation was appointed on the 5th day of August, 1897, and that subsequently he made his report to the court of his transactions, with a statement of the claims filed with him by creditors as allowed or disallowed. On February 7, 1898, the court appointed a referee to examine and pass upon the receiver's accounts and the claims presented by creditors against the assets. The referee made his report to the court on May 17, 1898. On May 27 following the report was confirmed and an order entered to that effect, which adjudged, among other things, that the Meacham Arms Company, a corporation organized and existing under the laws of Missouri, was a creditor in the sum of nearly eight thousand dollars. The order then directed that after making certain payments for the expenses of the proceeding, the balance in the hands of the receiver be distributed among the creditors, including, of course, the said Missouri corporation, *pro rata*.

On the 14th of February, 1898, Campbell & Company, New York creditors of the Missouri corporation, attached its interest in this claim in an action against the foreign corporation in the courts of this state to recover their debt. The order of the Appellate Division affects the lien of this attachment upon the fund, and the New York creditors are the parties who have appealed from the order to this court. It appears that on the 21st of December, 1897, the Missouri corporation, whose interest has been attached, executed a trust deed, in which one Bulkley is now the trustee, of all its property for the benefit of creditors, with preferences. After the entry of the final order for distribution this trustee applied to the court

at Special Term to have that decree or order corrected by providing that the claim of the Missouri corporation be paid by the receiver to him as trustee, instead of to the corporation itself, as the original order had provided. That motion was opposed by the New York creditors who had procured the attachment to be levied upon it and who were notified of the application. On a hearing the motion was denied, but Bulkley, the trustee, appealed from the order which denied his application and the Appellate Division reversed the order of the Special Term and granted the original application, and from this order the attaching creditors have appealed to this court.

We have seen that the order of May 27, 1898, was a final order in a special proceeding. The court that made it was asked to correct it in a single particular, but refused. Had it granted the motion, instead of denying it, the corrected order would then take the place of the first one and would still be a final order. What is conceded to be a final order in a special proceeding has not been changed into something else through a motion to correct it by substituting one name for another as the party to whom a dividend is payable. When the correction was made the order remained in its nature and character just what it was before. The Appellate Division made the correction in the order which the Special Term refused, and the order of that court is the order of the Special Term corrected and modified by substituting the foreign trustee or assignee as the party to whom the dividend must be paid in the place of the foreign corporation, the original creditor. It is quite clear, therefore, that the order of the Appellate Division must be a final order in a special proceeding since it has taken the place of another order which is conceded to be such. I am unable to perceive any force in the objection that the order is not reviewable in this court. (*Van Arsdale* v. *King*, 155 N. Y. 325.)

On the merits we think that the order of the Special Term was right. It will be seen that the assignment for the benefit of creditors in Missouri was made before the attachment was

levied upon the claim in this state. If under that assignment the dividends payable by the receiver upon the claim in this state passed from the corporation to the assignee, then the attachment subsequently levied created no lien upon it in favor of the New York creditors since their proceedings are based upon the assumption that the foreign assignment was void as to domestic creditors. The fund when attached was here, and it had been realized from the assets of a domestic corporation in proceedings for a voluntary dissolution. There is grave doubt whether the foreign assignment to the trustee who procured the order to be changed operated to transfer the fund as against the attaching creditors in this state who now complain of that order. That doubt will exist whether the question is to be tested by the laws of this state or of the state where it was made, and yet that is the very question which has virtually been decided by the order appealed from in favor of the foreign assignee upon a motion to correct an order by substituting one name for another. It was, of course, open to the assignee to appear before the referee and prove his title to the fund, and to present the whole question to the court on the subsequent motion for confirmation of the report. His right to receive the money as against the attachment of domestic creditors could have then been decided in an orderly way upon the facts and the law. It is evident that he failed to present the question then, or, if he did, that it was decided against him. The legal effect of the order substituting the assignee as the owner of the claim is to determine that he took good title to it under the assignment, and that the attachment never became a lien thereon. It was competent for the assignee to apply for a rehearing before the referee or the court in order to have his right to receive the dividend determined. But a motion to correct the final order by substituting his name as the party entitled to it was not a suitable proceeding for that purpose.

This will appear more clearly if we consider the questions that must arise in any contest for the money between the assignee and the attaching creditors. The assignment not

only preferred certain creditors, but in terms provided that if the assignor should pay the debts therein specified within thirty days from the date of the instrument then the transfer should be void, but in case the corporation making the assignment did not so pay the debts within that time then the trustee should proceed to convert the property into cash and distribute the same according to the terms of the deed among the preferred creditors, and the residue, if any, among the creditors unpreferred. This instrument did not make an absolute appropriation of the debtor's property for the benefit of creditors, and hence was not a general assignment, but in the nature of a mortgage to secure debts. (*Union Bank* v. *Kansas City Bank*, 136 U. S. 223; *Crow* v. *Beardsley*, 68 Mo. 435; *Hargadine* v. *Henderson*, 97 Mo. 375.) Whether a transfer of this character operated to exempt the property of the debtor in this state from the lien of an execution or attachment subsequently levied at the suit of creditors here who had no notice, actual or constructive, of the execution of the instrument, is a question that ought to have been presented and determined in some form other than a motion to change the name of a party in an order directing distribution.

But if the instrument should be construed to be a general assignment the question must arise whether it is valid as against domestic creditors under the law of this state or of the state where it was made. We know that in this state a general assignment with preferences is not good, except to a certain extent, and the following provision seems to be a part of the statute law of Missouri: "Every voluntary assignment of lands, tenements, goods, chattels, effects and credits made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor in proportion to their respective claims; and every provision in any assignment providing for the payment of one debt or liability in preference to another shall be void." (Rev. Stat. of Mo. 1889, § 424.) It is true, as the learned judge who gave the opinion of the court below remarked, that there was no proof

3

on the hearing of the motion as to what the law of that state is on this question, but the notice of motion informed the attaching creditors only of an application to insert the name of the trustee as such in the decree for distribution just before that of the corporation which appeared therein as the creditor to which the dividend was payable. All questions concerning the claims of creditors and their right to share in the distribution had then been settled by the confirmation of the referee's report after all parties in interest had been heard. The court had power on such a motion to correct any mistake in the names of creditors entitled to receive the dividend and to make the decree conform to what had been decided and adjudged. But it had no power, without reopening the case, to determine the conflicting claims of outside parties to receive the distributive share of the money in the hands of the receiver applicable to any particular debt. That was an original and fundamental question which should have been passed upon before the decree was entered and was not involved in a motion to insert one name in place of another in the decree. The court of original jurisdiction having denied the motion the order should, I think, have been sustained on appeal. The assignee could not, at the Appellate Division, enlarge the scope of the motion so as to procure for the first time the determination of important questions concerning the validity of a foreign assignment as against the attachment of domestic creditors. It is apparent that the record at the Special Term did not disclose the facts necessary to the determination of such questions. The motion on its face embraced nothing more than the correction of some mistake in framing the decree. After the denial the court upon appeal enlarged the scope of the application in such a way as to involve original questions of great importance between a foreign assignee and domestic creditors who, so far as appears, were not parties to the original proceeding. These questions were not fairly embraced within the issues presented by the motion to correct the decree. Such a motion contemplates only such changes as are necessary to make the decree conform to what has been

adjudged and cannot be extended so as to embrace new questions involving important rights not litigated before.

The assignee should be required to present these questions in the regular way, either upon a rehearing after an application to open the final decree or upon an application to vacate the attachment. It would be unjust to the attachment creditors in this state to have the fund paid over to a foreign assignee by force of a mere correction of the record which the Special Term made in the case when it is not claimed that there was any mistake or inadvertence in that respect. On a direct issue the question will be presented whether the fund passed to the assignee under the foreign assignment, or is subject to the attachment in behalf of the creditors in this state. Both parties will then have a fair opportunity to present the facts and the law bearing upon the question, including, of course, the law of the state where the transfer was made. That question has not yet been tried in any court of original jurisdiction, and since the facts which may control the decision have not and could not have been developed on the hearing of the motion to correct the decree, we refrain from expressing any opinion on the merits.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in all courts to the appellants.

All concur, except GRAY, J., not voting.

Order reversed, etc.