In the Matter of the Application of THE BOARD OF EDUCATION
OF THE CITY OF NEW YORK to Acquire Title by the City of
New York to Certain Lands Situated on Seventh Avenue
in the Borough of Brooklyn.

EDWARD H. LITCHFIELD et al., Appellants; THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK, Respondent.

1. EMINENT DOMAIN — TAX LEVIED SUBSEQUENT TO AWARD IN CON-
DEMNATION PROCEEDINGS BUT BEFORE ITS CONFIRMATION CANNOT BE
DEDUCTED FROM AWARD.  Taxes levied upon real property subsequent
to but before the confirmation by the Special Term of an award made by
commissioners in a proceeding appropriating and setting apart such prop-
erty for a school site, directing the payment to the property owners of a
certain sum "subject to the lien of all unpaid taxes, assessments and
water rates," are not a lien upon the property and cannot be deducted
from the amount awarded where it appears that the property in question
was unimproved and produced no income.

2. APPEAL — ORDER OF APPELLATE DIVISION REVERSING FINAL ORDER
IN SPECIAL PROCEEDING.  A Special Term order which modifies and cor-
rects a final order in a special proceeding thereby becomes the final order
in that proceeding, and an order of the Appellate Division reversing it is
reviewable by the Court of Appeals.

*Matter of Board of Education*, 59 App. Div. 258, reversed.

(Argued January 6, 1902; decided January 28, 1902.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
April 4, 1901, which reversed an order of Special Term
directing the board of education to pay to the appellant
herein such sums as said board had retained out of an award
in condemnation proceedings to pay taxes alleged to be a
charge on the lands condemned.

The facts, so far as material, are stated in the opinion.

*William C. De Witt* for appellants.  An owner of unpro-
ductive property, taken in condemnation proceedings for
public purposes, is not chargeable with taxes levied subse-
quent to the date of the making of the award by the commis-
sioners.  (*Matter of Mayor, etc.*, 167 N. Y. 627; *Matter of*

*Mayor, etc.*, 59 App. Div. 603; *Matter of Mayor, etc.*, 40 App. Div. 281.) The property in question became appropriated to public use by the passage of the resolution of the board of education and the filing of the maps for that purpose. (L. 1897, ch. 378, §§ 1436, 1439.) The court below confounded the act of appropriation of lands with the act of acquiring title and possession thereto, and erred in perceiving no distinction between the appropriation of lands by legislative authority and the final divesting of title by procedure for condemnation. (*Rexford* v. *Knight*, 11 N. Y. 308; *Rider* v. *Stryker*, 63 N. Y. 136; *Carris* v. *Comrs. of Highways*, 2 Hill, 443; *Matter of Furman Street*, 17 Wend. 651; *Rodgers* v. *Bradshaw*, 20 Johns. 735; *Wheelock* v. *Young*, 4 Wend. 650; *Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend. 35; *Baker* v. *Johnson*, 2 Hill, 342; *Matter of Wall Street*, 17 Barb. 617; *Matter of One Hundred & Twenty-seventh Street*, 56 How. Pr. 60.) The award of the commissioners was made on August 20, 1900, and it must be taken as their estimate of the value of the land at that date. (*Williams* v. *Mayor, etc.*, 35 N. Y. S. R. 929; *Ellis* v. *Towsley*, 1 Paige, 279; *Crocker* v. *Lewis*, 79 Hun, 400; *Wilkes* v. *Harper*, 2 Barb. Ch. 338.) In the absence of any express provision of law a tax cannot become a lien upon property until it is due and payable. (*Barr* v. *Palmer*, 53 App. Div. 358.) The Appellate Division was plainly in error in respect to the validity and applicability of the remedy which the appellant sought. (*Dinsmore* v. *Adams*, 48 How. Pr. 274; *Chappel* v. *Chappel*, 12 N. Y. 215.)

*John Whalen*, Corporation Counsel (*William J. Carr* and *Jerome W. Coombs* of counsel), for respondent. Title to the premises in question did not vest in the city until the entry of the order confirming the report of the commissioners, and all liens existing at that time are to be satisfied by the owner. (*Matter of Commissioners, etc.*, 56 N. Y. 144; *People, etc.*, v. *Common Council*, 78 N. Y. 56; *Carpenter* v. *City of New York*, 44 App. Div. 230; *Deering* v. *City of New York*, 51

App. Div. 404.) The taxes of 1900 were a lien on the premises in question on September 25, 1900, when the order confirming the report of the commissioners was entered. (*Burr* v. *Palmer*, 53 App. Div. 358.) No appeal lies to this court from the order of the Appellate Division in this proceeding. (*Farmington* v. *Mayor*, 83 Hun, 124; *Donnelly* v. *City of Brooklyn*, 121 N. Y. 9.)

PARKER, Ch. J.    The board of education of the borough of Brooklyn by resolution dated May 23, 1900, appropriated and set apart as a school site certain lands belonging to the appellants, and such force was by statute given to the resolution that four months after the filing of the oaths of the commissioners of estimate, to be appointed by the Supreme Court, the title to the said lands and premises would vest in the city of New York, whatever might be the stage of the condemnation proceedings in which the commissioners had been appointed. On the 20th of the following August the commissioners signed their transcript of estimate or award, by which was awarded to the appellants the sum of $92,000, "subject to the lien of all unpaid taxes, assessments and water rates." This award, in pursuance of the command of the statute, was opened for review from that time until September 17th, when it was embodied in the final report of the commissioners, which report was duly signed and subsequently presented to the Special Term, where it was in regular course confirmed, but not until the taxes for that year in the borough of Brooklyn had been extended and a warrant issued for their collection, which took place on the 19th day of September, two days after the report had been finally signed by the commissioners.

It was apparently not the intention of those having charge of the conduct of the proceedings to compel the owners of the property to bear the burden of paying such taxes as might be laid upon the property subsequent to the passage of the resolution by the board of education and the institution of the proceedings, for it appears not only from the record, but

also from the affidavit of the learned counsel for the city, that upon the hearing before the commissioners the counsel for the property owners urged expedition so that the matter should be closed up before there was any possible opportunity for controversy about the matter of taxes and that the counsel for the city endeavored to expedite the closing of the proceedings in order to accommodate the wishes in that respect of the counsel for the property owners.   The result was that before the taxes for the year 1900 became a lien upon the property, the commissioners had made their award directing the payment to the property owners of $92,000, " subject to the lien of all unpaid taxes, assessments and water rates," and at that time, as we have seen, the taxes for the year 1900 were not a lien and, therefore, not deductible from the amount awarded according to the commissioners' report.   But when the property owners applied for the compensation awarded to them, it was proposed to deduct from the amount of the award the taxes for the year 1900, which was not only in violation of the terms of the award and, apparently, contrary to the understanding of all having to do with the proceeding, but was also in violation of law as determined by this court in *Matter of Mayor etc. of N. Y.* (167 N. Y. 627), which affirmed *Matter of Mayor etc. of N. Y.* (59 App. Div. 603), on opinion below, which opinion cited and approved *Matter of Mayor etc. of N. Y.* (40 App. Div. 281), which in effect holds that taxes and assessments imposed subsequent to the time of the appropriation, if paid by the owner, should be added to the value of the land as of the date of the appropriation.   An exception to the rule is where the property is income producing and the owner receives from it during the pendency of the proceedings a sum sufficient to enable him to pay the taxes and assessments, as in *Matter of Department of Public Parks* (53 Hun, 280).   That is not this case, as the property in question was unimproved.

It was the appellants' right, therefore, to receive for their property the amount of the award without any deduction therefrom on account of the taxes for the year 1900.   And

so they moved the court at Special Term for an order so amending the proceedings therein as to direct the payment of the award of $92,000 without any deduction for the taxes in controversy. The Special Term granted the relief asked for, but the Appellate Division reversed the order, and now it is said that this court cannot review the action of the latter court, although since its decision we have (*Matter of Mayor etc. of N. Y. supra*) determined adversely to its conclusion the question considered by it. But the contention is not well made, inasmuch as the order reversed by the Appellate Division modified and corrected a final order in a special proceeding, and thus became the final order in that proceeding. (*Matter of Hulbert Bros. & Co.*, 160 N. Y. 9.)

The order should be reversed and that of the Special Term affirmed, with costs to appellants in all courts.

GRAY, O'BRIEN, BARTLETT, HAIGHT, CULLEN and WERNER, JJ., concur.

Ordered accordingly.