BUCKHOUT v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. TAXATION—ASSESSMENT OF LAND CONDEMNED FOR PUBLIC USE—PERSONAL LIABILITY OF OWNER.

Where at the time land was assessed to plaintiff as owner, as required by the tax law (section 9, c. 908, p. 801, Laws 1896), the title had not passed to the city in proceedings to condemn the same, plaintiff was personally liable for taxes assessed thereon, though such taxes did not become a lien on the land until after the title had been acquired.

2. SAME—PROCEEDS—OFFSET OF TAXES.

Where a landowner was unconditionally awarded a certain sum for land condemned for the use of a city, the city was entitled to deduct from the award a personal indebtedness of such owner for taxes assessed against the land.

Laughlin, J., dissenting.

Submission of controversy between James Buckhout and the city of New York. Judgment for defendant.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, McLAUGHLIN, and LAUGHLIN, JJ.

Maurice Deiches, for plaintiff.
David Rumsey, for defendant.

HATCH, J. On the 6th day of November, 1896, the board of street opening and improvement of the city of New York adopted a resolution providing for the acquirement by the city of certain lands belonging to the plaintiff. On December 22, 1896, commissioners of estimate and assessment were appointed by the court. Upon the second Monday of January, 1897, the plaintiff was assessed upon said property $945 as local taxes for the year 1897, and on the 24th day of August of that year the said taxes were confirmed by the board of aldermen. On the 19th day of February, 1897, the board of street

opening and improvement passed a resolution that the title should vest in the city July 6, 1897. The first report of the committee of estimate and assessment was filed in the office of the clerk of the county of New York on the 16th day of December, 1897, and confirmed by order dated December 21, 1897. In this proceeding the plaintiff was given an award of $127,312.50 for land and improvements. On the 15th day of January, 1898, the whole amount of said award was paid over to the plaintiff, but only upon the condition required by the comptroller of the city of New York that the plaintiff should deposit with the comptroller his certified check for the sum of $1,100, which was accordingly done by the plaintiff, upon the express agreement that it was to be held by the comptroller pending the decision of this controversy, which, if it should be decided for the plaintiff, would compel the return of the check to him.

By section 9 of the tax law (Laws 1896, p. 801, c. 908) it is provided that, when "real property is owned by a resident of a tax district in which it is situated, it shall be assessed to him." It is undisputed in the present case that the real property taken by the city was assessed to the plaintiff, and the preliminary steps were taken which resulted in an assessment against him on the second Monday in January, 1897. While the tax upon this date had not become a lien upon the property, yet the proceeding to levy the assessment had proceeded to a point where there had become a fixed personal liability of the plaintiff to pay the tax. That such is the law has been announced in repeated adjudications. Rundell v. Lakey, 40 N. Y. 513; Matter of Babcock, 115 N. Y. 450, 22 N. E. 263; Sisters of St. Francis v. Mayor, 51 Hun, 355, 3 N. Y. Supp. 433.

The sections of the charter governing the question of taxation in the city of New York, and the authorities construing the same, are collected and discussed in a learned opinion by Mr. Justice Jenks in Matter of Tilyou, 57 App. Div. 101, 67 N. Y. Supp. 1097, in which is reiterated the doctrine above announced; and it makes clear the personal liability of the owner to pay the tax after the same is assessed, although before it has become a lien upon the property. The discussion which has been had of this subject in the above-cited authorities renders it unnecessary to further pursue it.

The plaintiff relies upon Matter of Board of Education, 169 N. Y. 456, 62 N. E. 566, as recognizing a different rule where the land is appropriated by the city. It is clear, however, that this case does not aid the plaintiff. Therein it was the intention of the commissioners to award the sum which they did over and above the amount of the tax which had been assessed thereon. The express provision of the award was of a given amount, "subject to the lien of all unpaid taxes, assessments and water rates." And it was held that, inasmuch as the taxes assessed thereon had not become a lien upon the property, they could not be deducted from the award. The question presented therein was not as to the liability of the plaintiff to pay the taxes, but the construction of the award; and, inasmuch as it appeared that the amount of the award should be exclusive of all taxes levied thereon, it was held that the amount of the taxes was considered and allowed as a part of the award which was made to the

owner of the land.    There is nothing which appears in this report which showed any intention upon the part of the commissioners to relieve the plaintiff from the payment of his debt created by the assessment to the city.    The amount of the taxes was due to it, and was a personal liability of the plaintiff.    In acquiring title to the land, the city represents the municipality, and the object of the taking was for municipal purposes.    There could be, under such circumstances, no implied agreement between the plaintiff and the city to relieve him from personal liability by reason of having become invested with title to the land.    It is to be presumed that the commissioners awarded him the full value of the property, and, in making such award, considered his indebtedness to the city in connection therewith.    The city enforces the obligation of the plaintiff as a personal indebtedness, which arose quite independent of its acquiring title to the land.    It is therefore authorized to offset the same against the amount payable to the plaintiff.    The existing condition may have furnished to the plaintiff a basis upon which to apply for a remission of the taxes, and the statutes afforded him opportunity so to do; but, failing in this, he became personally liable to pay the same as a debt to the city, and the latter became authorized to retain it out of the award.

It follows that judgment should be awarded in favor of the defendant upon the submission, with costs.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur.

LAUGHLIN, J. (dissenting).    The title vested in the city prior to the time the tax became a lien upon the property, and the award is presumed to have been made as of the time when the title vested.    It is true that the personal liability of the former owner had become fixed, but the land was primarily liable for the tax.    I see no distinction between this case and the ordinary case of grantor and grantee, in which the rule is that the grantor, as between him and his grantee, is not liable for taxes levied subsequent to the conveyance.