## In re RIDDELL.

### (Otsego County Court. March 29, 1909.)

1. HIGHWAYS (§ 28*)—ESTABLISHMENT—OWNERSHIP OF LAND—EVIDENCE.

In proceedings under Highway Law (Laws 1890, p. 1193, c. 568) § 82, authorizing persons assessable for highway labor to make application to establish a highway, petitioner's testimony that the record title to land was in his wife and that she had owned it for eight years, taken in connection with a deed showing title thereto in her, *held* to show that the assessable title to the land was in his wife, though he also stated the land was assessed to him and testified generally that he owned it.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*]

2. HIGHWAYS (§ 28*)—ESTABLISHMENT—PETITION—BURDEN OF PROOF.

Petitioner should not have left the facts essential to entitle him to make the application in doubt, and should have put in evidence any unrecorded deed to the land, or any contract giving him an equitable title.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*]

3. HIGHWAYS (§ 28*) — ESTABLISHMENT — PARTIES — QUALIFICATIONS OF PETITIONER.

Such statute requires the petitioner to have the record title to the land, · and that land was assessed to him was insufficient, where the record title and ownership were in his wife, since in that event he would not be legally assessable for highway labor.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*]

4. TAXATION (§ 415*)—ASSESSMENT—PERSONS ASSESSABLE.

Under Tax Law (Laws 1896, p. 801, c. 908) § 9, providing that, when real property is owned by a resident of a tax district in which it is situated,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it shall be assessed to him, the assessment to the husband of lands owned by his wife was illegal and void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 701; Dec. Dig. § 415.*]

5. HIGHWAYS (§ 115*)—ESTABLISHMENT—PARTIES—"OWNER."

The word "owner," in 1 Rev. St. (1st Ed.) pt. 1, c. 16, tit. 1, § 64, providing that no highway shall. be opened or worked without a release by the owner of the land or an assessment of his damages, means the person entitled to the legal estate.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 359, 360; Dec. Dig. § 115;* Eminent Domain, Cent. Dig. §§ 198, 199.

For other definitions, see Words and Phrases, vol. 6, pp. 5134–5151; vol. 8, p. 7744.]

6. HIGHWAYS (§ 28*) — ESTABLISHMENT — JURISDICTION OF COMMISSIONERS — QUALIFICATIONS OF PETITIONER.

In proceedings under Highway Law (Laws 1890, p. 1193, c. 568) § 82, the commissioners had no jurisdiction to determine that a proposed highway was a public necessity, where the petitioner was not assessable for the land.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 40, 41; Dec. Dig. § 28.*]

7. HIGHWAYS (§ 58*)—ESTABLISHMENT—APPEAL—EXTENT OF REVIEW.

On vacating, on appeal, proceedings establishing a highway, on the ground that the commissioners had no jurisdiction because petitioner was not entitled to maintain the proceedings, the merits of the case should not be determined.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 197; Dec. Dig. § 58.*]

In the matter of the application of M. H. Riddell to lay out a highway in the town of Milford, Otsego county, N. Y., and the assessment of damages therefor. On motion to vacate the order of the highway commissioners determining that the highway was a public necessity. Motion granted.

W. I. Bolton, for petitioner.
James P. Friery, for contestants:

KELLOGG, J. This is a proceeding which was instituted by M. H. Riddell, a resident of the town of Milford, to lay out a public highway in said town, under and pursuant to section 82 of the highway law, the same being chapter 568, p. 1193, Laws 1890. Pursuant to the petition herein, commissioners were duly appointed by the County Court, and thereafter such commissioners, after taking the evidence of and in behalf of the parties appearing, determined that the proposed highway was a necessity, and duly filed their decision and determination in the clerk's office of Otsego county.

This is a motion made in behalf of the town of Milford, its highway commissioner, and several taxpayers of the town, for an order vacating and setting aside the decision of the commissioners, under section 89 of the highway law, which was in force at the time this proceeding was commenced. It is claimed on the part of the contestants that the petitioner was not qualified to make the application, or to present a petition to the court for the appointment of the commissioners, for

the reason that it appears by his own testimony that he was not at that time the owner of any property in the said town, assessable for highway labor or tax.

Section 82 of the highway law, in force at the time the petition herein was presented, provides:

"Any person or corporation assessable for highway labor may make written application to the commissioners of said town in which he or it shall reside, or is assessable, to alter or discontinue a highway, or to lay out a new highway."

A careful examination of the evidence adduced upon the several hearings had before the commissioners fails to establish the fact that the petitioner was at any of the times in question assessable for highway labor or tax in the said town of Milford. It is true that on the direct examination he testified:

"I am petitioner; own property liable to taxation in the town of Milford. I own the property where I reside. This property consists of two hundred ten, acres, according to deed."

It also appears in the evidence that the farm in question, and of which the petitioner testified he was the owner, was assessed to him upon the last assessment rolls of the said town. Upon cross-examination, however, the petitioner, in response to questions, said:

"The title to the farm, the record title, is in my wife's name, where I now live. The farm is assessed to me; have occupied this farm eight years, last spring. Wife has owned same interest in said farm as she now does for about eight years."

At a subsequent hearing a warranty deed was put in evidence by the contestants, bearing date of the 1st day of March, 1900, wherein the farm in question was conveyed by H. Spencer Rowe and wife, Maude E. Rowe, to Vinnie E. Riddell, the wife of petitioner, and thus showing, as a matter of fact, that the record title of the same was in her. The testimony given by the petitioner upon his cross-examination, last above referred to, taken in connection with this deed, showing in whom the record title was, would seem conclusive of the fact that the assessable title of this farm was, at the time of the institution of these proceedings, and as late as the time of the several hearings had herein before commissioners, in the wife, Vinnie E. Riddell.

Clearly, then, if the petitioner had an unrecorded deed of this real estate, which, if recorded, would have given him the record title thereto, or had even such a contract for the purchase thereof as would have given him an equitable title of the same, he should have produced the same before the commissioners, and the same should have been offered and received in evidence. The necessity of this documentary evidence seems the more apparent in view of the deed put in evidence by the contestants, showing the record title to be in the wife.

This is a statutory proceeding, and none of the facts which were essential for the petitioner to show in order to entitle him to institute the same should have been left to speculation or in doubt. It was, beyond question, the intent of the statute in question to require the person or incorporation making an application for a new highway to

have the record title of real estate, in order to prevent any person or corporation not assessable for highway tax or labor from instituting proceedings which were liable to impose the burden of taxation upon the taxpayers of a tax district. The mere fact that the farm was assessed to the petitioner, so long as his wife had the legal and record title, did not make Mr. Riddell legally assessable for highway or labor tax. Neither would it qualify him to make this petition.

The assessment to the husband of lands owned by the wife, as in the case at bar, is, without question, illegal and void. Parsons v. Parker, 80 Hun, 281, 30 N. Y. Supp. 134. It is provided by section 9 of the tax law (Laws 1896, p. 801, c. 908) that when real property is owned by a resident of a tax district, in which it is situated, it shall be assessed to him. Buckhout v. City of New York, 82 App. Div. 218, 81 N. Y. Supp. 723.

It has likewise been held that the word "owner," as used in the Revised Statutes (1 Rev. St. [1st Ed.] pt. 1, c. 16, tit. 1, § 64), providing that no highway shall be opened or worked without a release by the owner of the land, or an assessment of his damages, means the person entitled to the legal estate, and that, where an executory contract for the sale of land through which a highway should be opened has been made, it is the consent of the vendor, and not of the vendee, which is required by the statute. Smith v. Ferris, 6 Hun, 553. The rule last above stated seems to be well settled in this state, as it has been several times cited by the courts with approval, in giving judicial interpretation of the law as it relates to the ownership and title to real estate or chattels real.

The conclusion is therefore reached that the petitioner was not assessable for highway tax or labor at the time he instituted this proceeding, nor did the evidence taken before the commissioners show him to be legally entitled to institute the same. It follows that the commissioners were without jurisdiction to render their decision or determination that the highway in question was a public necessity.

There were no other jurisdictional questions presented by the contestants on this motion requiring serious consideration; hence a reference to the same is deemed unnecessary. The discussion, also, of this case upon the merits, it is believed, would be improper, as they are not legally before the court for its consideration, and surely an opinion at this time regarding the same would have a tendency to bias future proceedings, which, if instituted, might require a determination based upon an entirely different state of facts.

The motion to vacate and set aside the decision of the commissioners is therefore granted, with costs.

Ordered accordingly.