## JACOBS v. MANUFACTURERS TRUST CO.

### No. 47–627.

United States District Court
S. D. New York.

Dec. 23, 1948.

Gallop, Climenko, Gould & Lynton, of New York City (Milton S. Gould and Milton Adler, both of New York City, of counsel), for plaintiff.

Newman & Bisco, of New York City (Leonard G. Bisco, of New York City, of counsel), for defendant.

RYAN, District Judge.

Defendant moves to dismiss the "First Cause of Action" pleaded, on the ground that it is legally insufficient and fails to state a claim upon which relief can be granted.

Plaintiff sues as statutory receiver of Distillers Factors Corporation, a New Jersey corporation, appointed by a final decree of the Chancery Court of the State of New Jersey.

The complaint setting forth this first claim, alleges that between February and June, 1947, while the corporation was insolvent or its insolvency imminent, it paid to defendant $149,164.08, with intent to prefer the defendant and that defendant had notice or reasonable cause to believe that these payments would effect a preference—all in violation of the statutes of this state forbidding preferential transfers by corporations.

(1) The complaint is legally insufficient in that it fails to allege that Distillers Factors Corporation was a foreign stock corporation transacting business in this state.

The only statutes having any application to the claim pleaded are Sections 15 and 114 of the Stock Corporation Law of New York, Consol. Laws, c. 59. It has long been held that the provisions of Section 15, formerly Section 48, do not apply to foreign corporations. Vanderpoel v. Gorman, 140 N.Y. 563, 35 N.E. 932, 24 L.R.A. 548, 37 Am.St.Rep. 601. "Section 114 was confessedly passed to fill the gap left in section 15 when Vanderpoel v. Gorman * * * construed that section as limited to domestic companies." Irving Trust Co. v. Maryland Casualty Co., 2 Cir., 1936, 83 F.2d 168, 170, 111 A.L.R. 781, certiorari denied 299 U.S. 571, 57 S.Ct. 34, 81 L.Ed. 421.

The pertinent provisions of Section 114 read as follows:

"Except as otherwise provided in this chapter, the officers, directors and stockholders of the foreign stock corporation transacting business in this state, * * * shall be liable under the provisions of this chapter, in the same manner and to the same extent as the officers, directors and stockholders of a domestic corporation, for the making of * * *

"4. Illegal transfers of the stock and property of such corporation, when it is solvent or its insolvency is threatened."

■ The language of the statute limits its application, to a "foreign stock corporation transacting business in this state." The complaint contains no allegation that the Distillers Factors Corporation was transacting business in the State of New York. It fails to state a claim within the wording and limitations of the statute; it is therefore insufficient. Patterson v. Allied Chemical & Dye Corporation, D. C., 69 F. Supp. 804, 806.

(2) The complaint, it is urged by defendant, is further insufficient in that it attempts to extend the provisions of Section 114 beyond "the officers, directors and stockholders of a foreign stock corporation," in order to impose the same liability, which is provided for by Section 15 for domestic corporations, upon transferees of preferential payments, when they are not "officers, directors or stockholders of such corporation."

■ It was expressly held in Irving Trust Co. v. Maryland Casualty Co., supra, that this might be done. I find no further case on this since reported. This decision of the United States Court of Appeals in 1936 was prior to Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. The court, at that time, felt free to place its own interpretation on the scope and meaning of Section 114, writing, 83 F.2d at page 170: "Being a question of the meaning of a New York statute, we should follow the decisions of the Court of Appeals, if there were any; unfortunately there are none, for German-American Coffee Co. v. Diehl, 216 N.Y. 57, 109 N.E. 875, is too far afield to help. So we are left, as since 1898 has been often the case when local insolvency statutes are in question, to our own judgment."

It is beyond argument that today federal courts, in deciding questions involving interpretation of state statutes, are required to follow decisions not only of the highest state court, but in the absence of such rulings it is now "indicated that intermediate state appellate courts were (are) to be followed, at least in the absence of 'convincing evidence' that the state's highest court would hold otherwise. N. Stoner v. New York Life Ins. Co., 1940, 311 U.S. 464 [61 S.Ct. 336, 85 L.Ed. 284]." 48 Col.L.Rev. 809; see also n. 13, King v. Order of United Commercial Travelers, 1947, 333 U.S. 153, 158, 68 S.Ct. 488.

Defendant calls attention to two decisions of the Appellate Division of the New York Supreme Court, First Department— Matter of Hulbert Bros. & Co., 38 App.Div. 323, 57 N.Y.S. 38 (March 1899 Term), and

Matter of Halsted, 42 App.Div. 101, 58 N.Y.S. 898 (June 1899 Term). Both decisions were rendered within two years after Section 114, then Section 60, was added to the Stock Corporation Law by c. 384 of the Laws of 1897, effective May 7, 1897. That these decisions were considered by the court in arriving at the conclusions expressed in the Irving Trust Co., case, supra, we have no doubt.

We find these two decisions of the Appellate Division frequently cited in briefs submitted to the Court of Appeals on the appeal of this case. In the petition for rehearing filed by respondents the court's attention was specifically called to Matter of Hulbert Bros. & Co., supra, in the following language (p. 8):

"IV. We direct the attention of the Court to the case of Matter of Hulbert, 38 App.Div. 323 [57 N.Y.S. 38] (1st Dept. 1899), which was referred to in the brief of one of the defendants but which the Court may have overlooked. In that case the Court said: 'Chapter 384 of the Laws of 1897 (now Section 114) by which an additional section (Sec. 60) is added to the Stock Corporation Law, does not attempt to define what transfers by a foreign corporation would be illegal * * *. To bring a transfer under the provisions of this Act, it must be shown to be an illegal transfer of the stock and property of such corporation; and there is nothing in the Act that makes a transfer by a foreign corporation illegal which, before the passage of the Act, was legal.'

"The Hulbert case was reversed by the Court of Appeals (160 N.Y. 9 [54 N.E. 571]) only on a question of practice, and the Court of Appeals expressly stated in its opinion that it refrained from passing on the merits.

"We submit that the decision of the Apellate Division in the Hulbert case is of controlling weight in this Court in construing Subdivision 4 of Section 114."

In the Matter of Halsted, supra, a Virginia corporation, transacting business principally in New York City, had made a general assignment for the benefit of creditors. The assignment provided that after payment of expenses, certain employees be paid specified sums and the balance distributed pro rata to the other creditors. The issue presented was whether such an assignment by a foreign corporation was subject to the provisions of the General Assignment Act of New York, then effective, which prohibited preferences in such assignments in excess of one-third of the value of the property assigned. It was held that the preferential payments made must be so limited, in accordance with the provisions governing assignments by domestic corporations.

In Matter of Hulbert Bros. & Co., supra, a Missouri corporation in Missouri made a general assignment for the benefit of creditors to a resident of Missouri. The rights of the assignee, by virtue of such assignment, to a claim against a domestic corporation in New York, then being liquidated by a receiver appointed by a New York court in a liquidation proceeding, were questioned. It was held that the assignment passed title to the claim to the assignee.

The Halsted case involved the extent of the application of the then existing General Assignment Act of New York, and no more. The Hulbert case in no manner involved any question of a preferential transfer made in New York state by a foreign stock corporation transacting business in New York. This is apparent from the opinion of the court, 38 App.Div. 323, 326; 57 N.Y.S. 38, 41, when it wrote: "This section would not apply for the additional reason that it is confined to foreign corporations transacting business within this state, and there is no evidence that this foreign corporation ever transacted business here."

We feel that were the matter presented to the United States Court of Appeals, anew, it would arrive at no different result from that in Irving Trust Co. v. Maryland Casualty Co., supra. Since then (April, 1936) we have had no further decision either by the New York Court of Appeals or by any other court of intermediate appellate or original jurisdiction, which might be of help in determining what construction the New York courts would place on Section 114 in a claim such as is here pleaded. Chief Judge Learned Hand tersely set forth the necessary convincing evidence that today the same result would be reached by the New York Court of Appeals, when

he wrote: "We have no doubt therefore that 'illegal' does more than merely identify the transfer on which an officer's liability depends. Ex proprio vigore it declares such transfers to be themselves 'illegal.' We are not troubled that § 114 gives no remedy against the transferee. Section 15 does indeed declare that he shall be 'bound to account' for whatever he receives, but it was unnecessary. Once it be conceded that such transfers are 'illegal,' courts will find a remedy, just as they did three hundred years ago under the Statute of Elizabeth, which merely declared that the transfer was void." Irving Trust Co. v. Maryland Casualty Co., 83 F.2d at page 171.

Although both Appellate Division cases were cited in the briefs on that appeal, neither is mentioned in the Court's opinion. For this, there is an obvious explanation— While in Matter of Halsted, supra, it is true that the Appellate Division in its opinion observed that the law forbidding preferences by a corporation in this state did not apply to a foreign corporation, it is quite evident from the decision that this was pure dicta, utterly extraneous to the point presented for decision and at variance with the theory of the decision and the conclusion reached. And, concerning Matter of Hulbert, supra, at page 41 of 57 N.Y.S., while the court did observe that Chapter 384 of the Laws of 1897, by which the then Section 60 was added to the Stock Corporation Law, did not make illegal a transfer by a foreign corporation which before the passage of the Act was legal, that observation was also dicta and had not the slightest bearing on the question there involved.

It seems that the application of the doctrines since expressed by the Supreme Court in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; and West v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, would not lead the Court of Appeals to a different result from that reached in the Irving Trust Co. case, in 1936.

Motion is granted to the extent herein indicated; complaint dismissed as to the "First Cause of Action," with leave to plaintiff to serve an amended complaint alleging that Distillers Factors Corporation is "a foreign corporation transacting business in this state."